## RITCHIE, OSGOOD & CO., Respondents, v. CHAS. M. DAVIS, Appellant.

Though a plea would be bad upon demurrer, yet if no objection be taken at the time, and the case be submitted to a referee, the defect of the plea is not sufficient reason to set aside the report.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

This was an action brought upon a store account.    Defendant denied generally, and pleaded specially the statute of limitations.    The cause was submitted to a referee to report a judgment.    The referee reported a judgment in favor of the plaintiffs for $240, the amount of the last item charged in the account.

The plaintiffs moved to have the report set aside, and have the case recommitted to the referee, which motion the Court granted.    At the same time, the defendant asked leave to amend that part of his answer relating to his plea of the statute of limitations.    This request the Court refused.

Afterward, the referee filed his second report, in which he gave the plaintiffs judgment for $1,383 83, the whole amount sued for.

The Court denied a motion for a new trial, and respondent appealed.

*H. Lee* and *B. C. Whitman,* for Appellant.

Ritchie, Osgood & Co., Respondents, v. C. M. Davis, Appellant.

*Aug. M. Heslep*, for Respondents.

No briefs on file.

MURRAY, C. J., delivered the opinion of the Court.  HEYDENFELDT, J., concurred.

The Court below erred in setting aside the first report of the referee. The plea of the defendant would have been bad upon demurrer, but as no objection was taken at the time, and the case submitted to the referee, this was not sufficient reason for setting aside the report.  If it was, we are at a loss to understand why the Court refused to permit the defendant to amend his plea, when it was evident from the report, that the plaintiffs could not recover if the statute was properly pleaded.

This was not only a gross abuse of discretion, but an absolute denial of law and justice, inconsistent with every rule of right or reason.

The judgment is reversed, and the Court below directed to enter judgment for the amount, $240, with legal interest from the 30th of April, 1853, being the amount first reported by the referee,—the plaintiffs to pay all costs that have accrued in this case subsequent to the filing of said report.