## WILKINS *v.* STIDGER.

A COMPLAINT which avers substantially that the defendant was at a certain time indebted to the plaintiff in a certain sum for professional services rendered at

Wilkins *v.* Stidger.

the special instance and request of the defendant, is sufficient without stating in terms the value of the services or that the defendant promised to pay.

The promise to pay alleged in the common count in assumpsit, was a mere conclusion of law from the facts stated, and need not be averred under the new code, which requires only the facts to be stated.

In an action by the assignee of an account, unliquidated demand, or thing in action, not arising out of express contract, the assignor cannot be made competent as a witness for the plaintiff by giving the notice of intention to testify, provided for in Sec. 422 of the Practice Act as recently amended. The clause in the latter section which speaks of an assignor of a thing in action or contract, includes only such persons as were permitted to testify under the provisions of Sec. 4, and not those prohibited by it. The amendments to Sec. 422 do not in any way extend the right of examining an assignor.

A party to an action is not bound by, or held to admit as true, statements made by his witnesses during the trial of a cause, because he does not deny or contradict them at the time.

In order to affect a person by conversations or declarations made in his presence they must be made to him in such a manner as requires him to deny or, by his acquiescence, to admit them.

In an action by S. against a stage company to recover damages for injuries sustained by the upsetting of a coach, the physician of S. was called by him as a witness to prove the value of his professional services as an element of damages. In a subsequent action brought by the physician against S., to recover for his services, the plaintiff offered proof of what he himself had testified as to their value upon the former trial, in connection with the fact that plaintiff was present and heard the evidence and made no objection to its correctness : *held*, that the evidence was inadmissible ; that S. was not estopped from denying the truth of the evidence by having used it upon the former trial, for the reason that plaintiff had not been thereby influenced to do any act to his injury, and that S. was not bound by it, as an admission, for the reason that under the circumstances he was not called upon to admit or deny its truth.

Admissions of fact by counsel in one action, whether made during the hearing of the evidence or upon the argument, are not admissible in evidence against the client in another action.

The doctrine of acquiescence does not apply to proceedings on trials of controversies, because it is not the right or duty of a party to interrupt the order of proceedings in such cases by denials or contradictions, and his silence cannot, therefore, under such circumstances, be deemed an admission.

APPEAL from the Fourteenth Judicial District.

The facts appear in the opinion.

*John Garber*, for Appellant.

I. The complaint is fatally defective in not stating the value of the services or any promise by the defendant to pay. This defect

is one of substance, and not cured by verdict and judgment. (*Chandler* v. *Rossiter*, 10 Wend. 487 ; *Hall* v. *Southmayd*, 15 Barb. 32.)

II. The Court erred in admitting evidence of what McDaniel testified before the arbitrators in the case of *Stidger* v. *Stage Co.* The statements of a witness in one action do not bind the party in another. He does not, by failing to object to the correctness of the statements of his witness during a judicial investigation, acquiesce in them or admit their truth, for the reason that he is not in such a time and place called upon to either admit or deny them. The authorities are uniform upon this point. (*Sutherland* v. *McGlaughlin*, 1 Carr & Marsh, 429 ; 3 Phil. Ev. 362, C. & H. Notes, Part 1 ; Id. note 329, p. 404, and cases cited ; *Hovey* v. *Hovey*, 9 Mass. 216 ; *Martin* v. *Root*, 17 Id. 222 ; *Melen* v. *Andrews*, 22 E. C. L. 540 ; 1 Mood. & Walk. 336 ; *Tompkins* v. *Ashley*, Id. 32 ; *Fairleur* v. *Hastings*, 10 Ves. 123 ; *Toulmins* v. *Copeland*, 3 You. & C. 625 ; *Abercrombie* v. *Allen*, 29 Ala. 281.)

III. It was error to admit in evidence the statements made by defendant's counsel on the former trial, in which he was plaintiff. Statements of counsel do not bind the client outside of the particular action in which they are made. (*Brainard* v. *Buck*, 25 Vt., 2 Deane, 573 ; *McKeen* v. *Gammon*, 33 Me. 187 ; *Crockett* v. *Morrison*, 10 Miss. 3 ; *Hart's appeal*, 8 Barr. 37 ; *Curtis* v. *Hodge*, 21 How. U. S. 397 ; *Church* v. *Shelton*, 2 Curt. 274 ; 1 Green. Ev. Sec. 241 ; *Young* v. *Wright*, 1 Camp. 140 ; 2 Stark. 239 ; 3 Watts, 317 ; *Harrison* v. *Baker*, 5 Litt. 250 ; *Elting* v. *Scott*, 2 Johns. 157 ; 3 Green. Ev. Sec. 274, *et seq.* and cases cited *supra*.)

IV. The Court erred in allowing McDaniel to testify as a witness. He was the assignor of an unliquidated demand, and expressly prohibited from being a witness by Sec. 4 of the Practice Act. The amendments to Sec. 422 were not passed until after this action was instituted, and did not, therefore, apply to it. Besides, the provisions of that section, as amended, do not embrace an assignor of the character mentioned in Sec. 4. (See Broom's Legal Maxims, 68, margin 28 ; *Grimes' Estate* v. *Norris*, 6 Cal. 622.)

16

Wilkins *v.* Stidger.

. *O. Goodwin* and *Thomas P. Hawley*, for Respondent.

I. The complaint is sufficient under our code of practice. (*Allen* v. *Patterson*, 7 N. Y. Appeals, 476; *Emery* v. *Fell*, 2 Kern. and cases cited.)

II. McDaniel was a competent witness.

Sec. 422, as amended, provides for the examination of the assignor of a thing in action, and notice was given as there required. The plain object of the amendment was to permit all interested persons to testify. It would be a strange interpretation to hold that, while the party himself may testify, the assignor, who had been previously excluded simply from a fear that he might be the actual party in interest, is still incompetent.

III. The statements made on the trial between defendant and the Stage Company, by the witnesses for the then plaintiff, as to the correctness of the physician's bill, were made in the presence of defendant, and acquiesced in by him, and were by his counsel insisted upon as the truth. Proof of those statements with the circumstances under which they were made, was proper in this action.

The admissions, declarations, or statements, made by defendant or any person authorized to act for him, relative to the subject matter of the suit, is admissible in evidence against defendant, though made in another suit, or between different parties. (*Battus* v. *Sellen*, 5 Har. & John. 398; *Shafter* v. *Richards*, 14 Cal. 126; *Whitney* v. *Buckman*, 13 Id. 539; 3 Phil. Ev. 356, note 220, 221; *Loyd* v. *Evans*, 3 Carr & Payne, 219; *Reed* v. *Rocap*, 4 Halst. 346, 352; 11 Stark. Ev. Part 1, 26; see also *Perry* v. *Sickles*, 13 Cal. 429; 2 Green. Ev. Sec. 126; *Toland* v. *Sprague*, 12 Pet. U. S. 333, 334; *Lockwood* v. *Thorne*, 1 Kern. 173, and cases therein cited.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring, and NORTON, J. concurring specially.

This action was commenced by one McDaniel against the defendant to recover a demand for services as a surgeon and physician. The complaint avers that the plaintiff, McDaniel, is a physician and surgeon, and was employed by the defendant to perform services

for him as such, which he did at the special instance and request of the defendant, and the nature of the services performed are then described; that for such services defendant is justly indebted to him in the sum of $2,855 over and above all payments; that plaintiff has demanded payment from the defendant, but he has refused to pay the same. The complaint also avers, that defendant is indebted upon a promissory note, which is set out. When the case was called for trial, on motion of the counsel for the plaintiff, the name of Wilkins, the assignee of McDaniel, was substituted as plaintiff. The plaintiff recovered judgment; defendant moved for a new trial, which was denied, and he appeals.

The first error assigned is that the complaint does not state facts sufficient to constitute a cause of action, because that portion of the complaint which sets forth the claim for professional services does not aver any promise to pay, or that the services were of any value. We think the complaint is in this respect sufficient. It follows substantially the form of a count in debt, under the old system of pleadings. By transposing the averments, it can then be read in this way: that the defendant was at a certain time indebted to the plaintiff in a certain sum for professional services rendered by plaintiff at the special instance and request of the defendant. The promise to pay, alleged in the common counts in assumpsit, was a mere conclusion of law from the facts stated, and as the new code only requires the facts to be stated, they are sufficient without setting forth the conclusions of law arising from those facts. But, even if the complaint was in this respect defective, it is too late to make the objection after verdict. It should be made by demurrer. (*Osgood* v. *Davis*, 5 Cal. 453; *Sutter* v. *Cox*, 6 Id. 415; *Garcia* v. *Satrustegui*, 4 Id. 244.)

At the trial the plaintiff, Wilkins, introduced McDaniel as a witness, under notice given as prescribed by the amendment of 1861 to Sec. 422 of the Practice Act, to which defendant objected; and this is also assigned as error. The demand sued for was unliquidated and in the nature of an account. The witness was the assignor thereof, and was introduced on behalf of the plaintiff. Sec. 4 of the Practice Act expressly prohibits such an assignor from being a witness. We find nothing in Sec. 422, as amended,

which alters or repeals this express and positive prohibition.   Sec. 4 does not prohibit all assignors of contracts from being examined as .witnesses.   It was held by this Court, in *Oliver* v. *Walsh* (6 Cal. 456), that the terms " thing in action not arising out of contract," were to be construed to mean not arising out of *express* contract.   Following that construction, assignors of things in action arising out of express contracts, not being mere accounts, or unliquidated demands, may be witnesses on behalf of the plaintiff under Sec. 4.   And where the said amendment of Sec. 422 refers to an " assignor in a thing in action or contract," it must be held to include only such persons as were permitted to testify under the provisions of Sec. 4, and not to include those prohibited by it from being so examined.   The terms used by Sec. 422 were evidently not intended to enlarge the right of examining assignors beyond what was then allowed by law, but simply to provide, that when such an assignor as could rightfully be examined was made a wit- .ness, then the adverse party might offer himself as a .witness to the same matter in his own behalf.   A careful examination of this section will show that the right of examining an assignor is not extended beyond what was then permitted by law.   The Court therefore erred in permitting this witness to testify.

It seems that the professional services sued for were given in attending to injuries sustained by the defendant, caused by the upsetting of a stage coach of the California Stage Company, in which the defendant was a passenger.   The defendant's claim for damages against the stage company was referred to arbitrators, and at the trial before them the defendant introduced McDaniel, to prove the amount and correctness of his bill for services, being the same in controversy in this suit, as an item of the damages to which he was entitled against the stage company.   The plaintiff in this action offered evidence to prove this fact, of the use of McDaniel and his bill as testimony by the defendant, and it was admitted under the exception of the defendant.   To support this ruling of the Court it is urged that as McDaniel testisfied that his bill was correct, and as the defendant was present and did not deny the statement, but used the evidence and bill in the trial before the arbitrators, as a true and correct account, it is evidence of an

Wilkins v. Stidger.

admission by him, and that his silence is to be deemed an acquiescence. It is clear that this evidence is not of such a character as to conclude the defendant, or to estop him from controverting it, for the plaintiff was not influenced thereby to do any act to his injury. His remaining silent, and not denying or contradicting his witnesses, when giving this evidence before the arbitrators, cannot be held as estopping him, or deemed an acquiescence. His remaining silent did not injure the plaintiff, or operate as a fraud upon him. It is clear that a party to a suit is not bound by, or held to admit as true, every statement made by his witnesses during the trial of a cause, because he does not deny or contradict them at the time. A denial or contradiction under such circumstances would produce great confusion, and cause continual wrangling between the party and the witnesses. There is a certain regularity, order, and decorum required in such proceedings, which precludes parties from interposing with denials and objections as they could in common conversations. There are circumstances under which statements may be made, which if not denied by the party at the time, he is deemed to have admitted, but this does not properly come within that rule. In *Hovey* v. *Hovey* (9 Mass. 216), the defendant had taken and filed the deposition of a witness in a previous action, and it was offered as evidence against him, on the ground that placing it on file amounted to an admission of the truth of the facts stated in it. But the Court held that there was no principle of law which authorized the admission of this kind of evidence. So it was held that a case, or agreed statement of facts, made between the assurers and assured, in an action on a policy of insurance, would not be received in another action in which the parties were different, though it related to the same subject or policy. (*Etting* v. *Scott*, 2 Johns. 156.) Two were charged with a felony, and it was proposed to prove that at the examination before the committing magistrate, one of them stated that the felony was committed by them jointly, and that the other was present, and did not deny it: *held*, inadmissible. (*Rex* v. *Appleby*, 3 Stark. 33.) So a deposition was taken in another suit, in the presence of the plaintiff, who had an opportunity of cross-examining: *held*, inadmissible, and that from his silence, or not cross-examining, it could not be inferred that he

admitted the truth of the evidence given. (*Melen* v. *Andrews*, 1 Moody & Malkin, 336.) In order to affect a person by conversations or declarations made in his presence, they must be made to him in such a manner as requires him to deny, or by his acquiescence to admit them. In a controversy between B and C, conversations between them, relative to a tract claimed by A, in the presence of A, are not evidence against him, because they were not held with him. To hold a party to have acquiesced by silence, a declaration or proposition must be made to him, which he is either bound to deny or admit. (*Moore* v. *Smith*, 17 S. & R. 388 ; see also *Abercrombie* v. *Allen*, 29 Ala. 281 ; *Toulmin* v. *Copland*, 3 Young & Collyer, 625.) This evidence was, therefore, improperly admitted.

Proof was also admitted that during the trial before the arbitrators, and in the presence of the defendant, his attorney admitted the correctness of the bill, and insisted on its being included for the full amount in the award of damages against the stage company, and that the defendant did not deny it or contradict his attorney. The plaintiff also insists that this is evidence of an admission by the defendant, and that his silence at the time is to be deemed an acquiescence on his part. Much that we have said on the preceding point will apply equally to this. The same reasons which show that he was not concluded or estopped in that case apply here, and the same reasons also why his silence should not be deemed an acquiescence. Whether these admissions of the attorney as to the correctness of the bill were made during the hearing of the evidence or upon his argument, does not appear, nor do we conceive that it can make a great deal of difference. Admissions of facts by counsel in one suit are not to prejudice the party against whom they are made in another. (*Harrison's Devisees* v. *Baker*, 5 Littell, 250 ; *Etting* v. *Scott*, 2 Johns. 156.) Admissions must in all cases be brought home to the party in the suit against whom they are used, or to some person who is identified in interest with him. (1 Phillips' Evidence, C. H. & E.'s Notes, 479, 480.) It is clear that admissions made by an attorney during the trial of a cause bind the party *in that action;* that is, they are to be taken as true for all the purposes of that action. So admissions made by an agent while mak-

Wilkins *v.* Stidger.

ing an agreement or proceeding within the scope of his authority as agent, bind the principal, and are admissible in evidence against him as part of the *res gestæ*. But this rule has no application to this case.

The respondent refers us to several cases, where it was held that if an account be sent to a debtor, and he do not object to it within a reasonable time, his acquiescence will be taken as an admission that the amount is truly stated. (*Terry* v. *Sickles*, 13 Cal. 427, and other cases.) This rule is undoubtedly correct, because the circumstances are such that the debtor can and ought to deny it, if it is not true; but, as we have already shown, this doctrine of acquiescence does not apply to proceedings on trials of controversies, because it is not the right or duty of a party to interrupt the order of proceedings in such cases by denials or contradictions, and his silence cannot therefore, under such circumstances, be deemed an admission. The Court therefore erred in admitting the evidence.

Judgment reversed and cause remanded for further proceedings.

NORTON, J.—Inasmuch as Sec. 422 of the Civil Practice Act, as amended in 1861, allows a party to an action to be examined as a witness in his own behalf, the reason for the provision in Sec. 4 that the assignor of an unliquidated demand shall not be a witness (which obviously was to prevent a party holding such a demand, which could not be proved except by his own testimony, from assigning it for the purpose of becoming a witness to prove it) no longer exists, and it may be imagined that it was designed to embrace such an assignor in the provisions of Sec. 422, as amended. But the language is not sufficient to effect such a purpose. An assignor is not a party to the action or a person for whose benefit the action is prosecuted, and hence is not within the letter of the section. The provision that when an assignor is examined, etc., is not equivalent to a provision that every assignor may be examined. The prohibition of Sec. 4, therefore, remains unaffected, and the admission of McDaniel as a witness for his assignee was an error. For this reason I agree that the judgment should be reversed and a new trial ordered. Upon the other points of the case I express no opinion.