SAMUEL C. MIDDLEBROOKS, plaintiff in error, *vs.* WARREN, WALLACE AND COMPANY, defendants in error.

1. A rule *nisi* signed as follows: "By the court, Hardeman & Johnson, plaintiff's attorney's," is legal and valid, especially when supported by a rule absolute, signed by the judge himself.
2. The head of the family, who is defendant to the rule to foreclose a mortgage executed before the land was set apart as a homestead, is concluded by the judgment of foreclosure, in respect to payments alleged to have been made on the mortgage before foreclosure.
3. A mortgage executed to secure money loaned to lift from the homestead the incumbrance of judgments for the purchase money of the land set apart as a homestead, is good against all the land embraced in the mortgage, until all the purchase money has been paid.

Mortgage. Pleadings. Judgments. Homestead. Before Judge BARTLETT. Jones Superior Court. October Term, 1876.

Reported in the opinion.

LOFTON & BARTLETT, for plaintiff in error.

C. P. CRAWFORD; HARDEMAN & JOHNSON, for defendants.

JACKSON, Judge.

A mortgage *fi. fa.* in favor of Warren, Wallace & Co. *vs.* Middlebrooks, was levied upon the land mortgaged. It

was claimed by Middlebrooks, as head of his family, as their homestead. The mortgage bore date the 24th of November, 1871. On the 10th of May, 1875, the homestead was set apart. The money secured by the mortgage, was borrowed by Middlebrooks to pay off *fi. fas.* which were incumbrances upon the land, being issued on judgments for the purchase money, and Warren, Wallace & Co. were to have control of them as well as the mortgage security; but they were not assigned to them according to promise.

At the foot of the mortgage, and properly signed and attested, Middlebrooks agreed that the mortgage was for removal of the incumbrances of the judgments, and that they were transferred thereby to Warren, Wallace & Co.; but it was proven that the executions were satisfied when the mortgage was executed, and Warren, Wallace & Co. sent a draft for the two thousand dollars from Augusta, where they resided.

1. On the trial of the claim case, the rules *nisi* and absolute, and *fi. fa.*, were objected to because the rule *nisi* was signed "by the court, Hardeman & Johnson, plaintiff's attorneys." The court admitted the evidence, and claimant excepted. The court did right. It is the practice so to sign the rules *nisi*, and we know of no law against its being so done. Besides, the rule absolute recites that the rule *nisi* was regularly issued and served, and the rule absolute is signed by the judge himself.

2. It was sought to be proven by Middlebrooks, that he had paid the mortgage before it was foreclosed. The court rejected the evidence, holding that Middlebrooks was concluded by the judgment of foreclosure, as to all payments alleged to have been made before the foreclosure. Again the court was right. Middlebrooks, as head and agent of his family, as well as the family, was represented by Middlebrooks when that judgment was had. They hold under him, and were privy to it, and are all concluded by it, so far as defenses which could have been, and should have been, made to the foreclosure are concerned.

3. On the close of the testimony, the claimant requested the court to charge the jury to the effect that the agreement at the foot of the mortgage did not estop the claimant from showing that the mortgage was not for purchase money; that if the *fi. fas.* were canceled and the mortgage executed, it amounted to a novation, and that if the part of the land levied on had been paid for, though other parts of the tract mortgaged and set apart had not been paid for, then this land was not subject; that it must be purchase money for this identical parcel of land.

The court refused so to charge, but charged to the following effect: that if defendant borrowed the money for which the mortgage was given, and applied the same to payment of a balance of the purchase money, due for the whole tract, then the land levied on was subject to the *fi. fa.* until the whole amount of purchase money was paid.

We see no error, in view of the facts of this case, in the refusals to charge, and the charge given. The charge as given, is in accordance with the decision of this court in *Sale vs. Wingfield, administrator,* 55 *Ga. R.,* 622, and there can be no doubt that this land was subject to the mortgage debt. The letters in evidence, from Middlebrooks to Warren, Wallace & Co., and the testimony of Ross, show conclusively the object for which the money was borrowed; that it was to remove incumbrances from the land of Middlebrooks; that these incumbrances were for purchase money, and that the land is clearly subject to this debt, notwithstanding the homestead, because the debt is within the express exceptions of the constitution. See Code, §5135.

The judgment must, therefore, be affirmed.