## I. L. Boles et al. v. W. T. Walton.

Decided June 6, 1903.

**1.—Homestead—Release of Lien—Wife's Separate Property—Descent—Heirs.**

Where a vendor's lien on defendant's homstead, evidenced by note secured by deed of trust, was released for a valuable consideration prior to plaintiff's purchase of the note, and with his assent to such release, and this was prior to the death of defendant's wife, who owned a two-thirds interest in the homestead as her separate property, her interest, upon her death, descended to her children free of such lien.

**2.—Same—Foreclosure—Parties—Heirs—Res Judicata.**

Plaintiff having, after the wife's death, foreclosed the vendor's lien on the property, bought it at the foreclosure sale, and subsequently recovered judgment against defendant; the husband, for possession of the property, the wife's heirs not being made parties to either of these proceedings. Held, that the rights of the heirs were not concluded thereby.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*Carlock & Gillespie,* for appellants.

*Lattimore & Browning,* for appellees.

CONNER, Associate Justice.—The material question presented on this appeal arises from the ruling of the trial court upon demurrers to appellants' plea in answer to the petition of appellee. Appellee alleged that on the —— day of ——, 1901, he recovered a judgment against appellant I. L. Boles for the possession of forty acres of land particularly described in the petition, and that after the rendition of said judgment it had been executed by delivering the said land into the possession of the plaintiff, W. T. Walton; that I. L. Boles on or about the —— day of November, 1901, in direct violation of said judgment, again took possession, and refuses to deliver said land to the plaintiff.

Appellant I. L. Boles, for himself and as next friend for his minor children, Frank Boles, aged 13 years; Byron Boles; aged 11 years; Cornelia Boles, aged 9 years; Lizzie Boles, aged 6 years; and Sam Boles, aged 4 years, answered and alleged in substance that he is the head of a family and a resident of this State; that he is the father and natural guardian of said minors, they having no other, and that he, together with said minors, who are designated as intervenors, are and have been residing upon said land as their homestead, having no other; that the land in controversy had been purchased by him from one W. F. Elliott in October, 1889, and immediately thereafter had been entered upon by him, together with his wife, Julia Boles (who was the mother of each of the interveners), and such of the interveners as were then born, and thereafter used and occupied the same as their homestead, and continued to so use and occupy it until, and ever since, the death of said Julia Boles, which occurred during the year of 1898; that the sum of $400

of the separate property of said Julia Boles had been paid W. F. Elliott as part of the purchase money for said land, the balance therefor being community property of himself and said wife, and that among other considerations a note was executed by him to said Elliott for $500 as part of the purchase money of said premises. That afterwards, and during the lifetime of Julia Boles, she, together with her said husband, joined in the execution of a deed of trust to W. R. Summerville, as trustee for the benefit of the Western Securities Company, thereby creating a lien upon the land in controversy to secure a note for $500 given in lieu of the purchase money note that had been given to Elliott; that Elliott transferred and delivered without recourse the original $500 note to the securities company to be held until the deed of trust was satisfied; that the plaintiff Walton, in November, 1894, purchased said deed of trust and said $500 note secured by it from the United Trust, Limited, the same being transferred to him, Walton, without recourse; that "for a valuable consideration before said note was delivered to him (Walton) * * * the vendor's lien in said note and the said lien in said deed of trust mentioned were released to said defendant I. L. Boles by said United Trust, Limited, it being the legal owner and holder of the same, and said lien or liens were thereafter canceled and discharged; said plaintiff Walton at said time stated that he did not care for or want any lien on said premises to secure the payment of said note so indorsed to him by said United Trust, Limited, but that he was willing to risk defendant I. L. Boles personally for the payment of said note." It was further alleged that after the death of the mother of interveners, Walton procured said land to be sold under said deed of trust for the satisfaction of the note mentioned, and purchased or bought the same in for himself, and afterwards brought suit against defendant I. L. Boles in trespass to try title to the premises in controversy, which resulted in the judgment pleaded by appellee. It was alleged that the interveners were in no manner parties to said suit or said sale, and that the interest inherited by them from their said mother had in no manner been divested out of them by the sale under the deed of trust or judgment mentioned in the plaintiff's petition. It was further alleged by the interveners that the judgment pleaded by appellee had been procured by perjury, and that there had been no administration of the separate or community estate of Mrs. Julia Boles, and no necessity therefor, and the prayer was for retention of the premises as a homestead vesting in the interveners a fee simple title in a two-thirds undivided interest in said lands claimed by them to have been the interest vested in their mother at the time of her death, but if mistaken in their right to this relief, then that the said two-thirds interest in said lands be adjudged to interveners in fee, and the same set apart to them in partition between themselves and the plaintiff Walton according to their respective interest, and for general relief.

Appellee Walton presented general and special exceptions to this answer, which were sustained by the court on the ground that it ap-

peared to the court "that the judgment set out in the pleading of plaintiff (Walton) and referred to by interveners, was in fact rendered by the court as alleged and on the date alleged, and that the defendant I. L. Boles is one and the same with defendant I. L. Boles in this case, and that he is the father of the interveners, and that plaintiff in this case was plaintiff in said judgment, and that Mrs. Julia Boles died intestate, and that there was no administration on the estate, and no necessity for an administration on the same, and that prior to said judgment the property in controversy was sold to plaintiff by a trustee under the deed of trust as alleged by the pleadings of parties herein," and it was accordingly decreed that appellee Walton recover from appellant I. L. Boles and said interveners the property described in appellee's petition, together with costs, and an order perpetually restraining I. L. Boles from interfering with the possession of the appellee by virtue of any claim asserted by any of the appellants.

We are of opinion that the court was in error, as assigned, in sustaining appellee's demurrers as against interveners at least. It seems from the record in the cause of Walton v. Boles, in which the judgment relied upon by appellee was rendered, that appellant I. L. Boles therein defended substantially on the same grounds as are set up in this suit, and the judgment against him therefore would certainly conclude I. L. Boles, said judgment not appearing to have been in anywise vacated. But not so, we think, as to the interveners.

Conceding for the purposes of the argument that, as against the lien for the purchase money, no homestead right ever accrued; that appellee is not alleged to have had notice of the equity arising by reason of the investment of $400 of the wife's money in the land in controversy, and that in proceedings to foreclose the vendor's lien she ordinarily would not be a necessary party, and that hence those claiming through her alone have no higher right; yet the case made in behalf of interveners by the allegations of appellants' answer present a right to be heard. As alleged, and for the purposes of the ruling upon the demurrers it must be taken as true, the death of Julia Boles preceded the execution of the power of sale in the trust deed and the institution of the suit in trespass to try title, and the rendition of the judgment under which appellee claims. If, as alleged, for a valuable consideration the lien evidenced by the $500 note originally given to Elliott and by the trust deed had in fact, at appellee's instance, been released and discharged prior to appellee's acquisition of said note and trust deed and during the wife's lifetime, the wife's right, free of lien, became vested in her, and the right of the interveners in their mother's separate and community interest in the land in controversy became fixed at the time of her death by virtue of our statute of descent and distribution, and no lien or power of sale in fact existed at the time of the wife's death, or at the time of the sale under the trust deed. By virtue of this sale, however, appellee successfully claimed in the original suit of Walton v. I. L. Boles, and the judgment therein, while conclusive under the circumstances as to

appellant I. L. Boles, is not so as to interveners. They were neither parties to the foreclosure proceedings under the trust deed nor to the judgment in appellee's favor, and nothing seems more thoroughly settled than that, under the circumstances, the interveners are in no sense bound by the judgment in question. See Rev. Stats., 1198; East v. Dugan, 79 Texas, 329; Laird v. Winters, 27 Texas, 440; 10 Enc. of Pl. and Prac., p. 608; Freeman on Judgm., 4 ed., sec. 154.

We conclude that the judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*