### SEGALE *v.* PAGNI

No. 2724

December 1, 1926.    250 P. 991.

1. HOMESTEAD—MORTGAGE SECURING LOAN TO PAY PURCHASE-MONEY MORTGAGE HELD NOT SUBJECT TO HOMESTEAD EXEMPTION, THOUGH UNSIGNED BY SPOUSES.

Where defendants gave mortgage on real estate, not signed by spouses, for express purpose of securing money to pay off purchase-money mortgage, spouses could not, on foreclosure, set up homestead exemption, as mortgage was for purchase money, under Const. art. 4, sec. 30, and Rev. Laws, sec. 2142.

C. J.—CYC. REFERENCES

HOMESTEADS—29 C. J. sec. 212, p. 864, n. 26.
See, also, 49 Nev. 313.

APPEAL from Eighth Judicial District Court, Lyon County; *Clark J. Guild,* Judge.

Action by Eugene Segale, administrator of the estate of Mike Maroni, deceased, against Sabatino Pagni and another, wherein Maria Pagni and another intervened. From a judgment for plaintiff and an order denying a motion for a new trial, defendants and interveners appeal. **Affirmed. Rehearing denied.**

*Frame & Raffetto,* for Appellants:

Mortgage to Maroni was not for purchase price. It was not made at time of transfer nor under express agreement that money be loaned and used to pay purchase price. Goldman v. Clark, 1 Nev. 518; First N.

Bank v. Meyers, 39 Nev. 235; 29 C. J. 866. Transaction was mere debt secured by mortgage, not vendor's lien for purchase price. Rev. Laws, 228; 13 R. C. L. sec. 94; Thomas v. Craft, 15 Ann. Cas. 1118.

Any portion of community land, whether occupied or not, may be selected as homestead. Contention that land was not subject to homestead because held in joint tenancy is untenable. 13 R. C. L. 572; Gooch v. Gooch, 133 P. 242. Subsequent partition by cotenants does not disturb previously selected homesteads. 29 C. J. 849; Massillon Engine Co. v. Barrow, 203 SW. 923.

Satisfaction of original mortgage rendered it functus officio. Subrogation, not having been pleaded, is not in case. Laffranchini v. Clark, 39 Nev. 48, is entirely different case.

Homestead can be conveyed only by joint instrument executed by husband and wife. Loomis v. Loomis, 82 P. 679.

*Wm. M. Kearney* and *Harry Swanson,* for Respondents:

Mortgage contained agreement that "two prior mortgages were to be paid out of consideration" arising by virtue of it. This saving clause kept alive rights of prior mortgagees. Van Loben Sels v. Bunnel, 53 P. 266; 37 Cyc. 363; Laffranchini v. Clark, 39 Nev. 48.

Homestead rights cannot be acquired as against mortgage debt for purchase money. Hopper v. Parkinson, 5 Nev. 185; Rev. Laws, 2142.

Subsequent mortgagee who, in order to preserve his security, pays prior incumbrance is entitled to be subrogated to rights of proper mortgagee. Swain v. Stockton, etc., Society, 21 P. 365; 37 Cyc. 458. Case turns, not on question of subrogation, but on whether money was lent to buy land and used for that purpose. It was, and land is not exempt from payment of obligations contracted for its purchase. Farmers Bank v. Pickering, 205 P. 1110; 29 C. J. 866.

Wife's attempt to carve out homestead cannot avail after prior conveyance by husband with her consent.

Bier v. Leisle, 156 P. 870; Rev. Laws, 2142. Wife's consent need not be in writing. Sullivan v. Wicluta, 68 P. 55.

Homestead cannot be carved out of land held in joint tenancy or by partners. Terry v. Berry, 13 Nev. 514.

## OPINION

By the Court, COLEMAN, C. J.:

This action was instituted to foreclose a mortgage upon a certain ranch. The wives of the defendants intervened, claiming that, since they did not sign the mortgage, they are entitled to their homestead exemptions in the property covered by the mortgage, free from the mortgage lien and debt. The court entered judgment against the defendants and the interveners as well. The interveners have appealed from both the judgment and the order denying their motion for a new trial.

The facts necessary to an understanding of the case are these: On May 1, 1915, the Comstock Tunnel Company, a corporation, sold the ranch in question to Sabatino Pagni and Constantine Peri for $17,000; $3,000 being paid in cash, the balance being evidenced by two notes which were secured by a mortgage on the ranch, the notes and mortgage being executed by the parties named. One note was for $4,000, payable in one year, and the other, for $10,000, payable in four years. The purchasers entered into possession of the ranch.

The interest in the ranch held by Peri was acquired by Attilo Pagni and Sylvio Pagni after the execution of the mortgage to the Comstock Company, and before the first payment fell due. When the $4,000 note fell due, the Pagnis were unable to meet it, and then induced Mike Maroni to advance the money with which to pay it. They gave Maroni their note for the money thus advanced, and secured it by a second mortgage upon the ranch. When the $10,000 note fell due, the Pagnis, being unable to make payment, induced Maroni to advance money to pay it off. The Pagnis gave Maroni

their note for $14,000, the aggregate of the amount he loaned to pay off the mortgage indebtedness, and secured its payment by the mortgage now sought to be foreclosed. This mortgage contains the following provision:

"It is understood that this mortgage is a first mortgage on the property described herein, and that the discharge of the two prior mortgages is to be accomplished out of the consideration named herein."

The mortgage to secure the $4,000, advanced by Maroni to pay the $4,000 note due the Comstock Company, and the $10,000 mortgage of the Comstock Company, are the two prior mortgages referred to.

We will allude to the parties as they were designated in the trial court.

In opposition to the contention of the interveners, to the effect that, since they did not sign the mortgage to Maroni, their homestead rights are exempt from foreclosure, the plaintiff contends (1) that the indebtedness for which it is sought to foreclose the mortgage is a part of the purchase money of the property, and hence it was not necessary that the interveners sign the mortgage; (2) that the ranch is held in joint tenancy, and that a homestead cannot be carved therefrom; (3) that Maroni was subrogated to the rights of the Comstock Tunnel Company; (4) that the interveners are estopped to deny the validity of the mortgage.

Article 4, sec. 30, of our constitution, and section 2142, Rev. Laws, provide that a homestead shall be exempt from sale for all claims except for the purchase money and for improvements.

In view of respondent's contention, we must determine if the $14,000, to secure which the mortgage sought to be foreclosed was given, is a part of the purchase money paid for the ranch by the defendants.

In what sense did the constitutional convention and the legislature use the term "purchase money" in the connection referred to? We can reach no other conclusion than that they meant, not only the unpaid balance of the purchase price due from the grantee to the

grantor, but also the money which was used in paying for the property, no matter from what source it came. What else could have been meant? Did the bodies mentioned have more consideration for the person from whom the title passed, who had not received his money, than for a third person who advanced it that the grantor might be paid? What equitable or legal considerations could have prompted any such thought? It would be an unsound process of reasoning which would lead to the conclusion that anything different was intended in the one case than in the other, than the usual meaning applied to the term "purchase money."

The Supreme Court of California, speaking through Mr. Justice Baldwin, disposed of the question before us in a very brief opinion, wherein it is said:

"Can it make any difference in equity whether the first debt to be renewed or another debt—if it be another—for the same sum created, to raise money to pay off the first? A clear title to the homestead could not vest until the payment of the purchase money. In equity and in effect, the advance of the money by Carr, under the circumstances, to pay off the purchase money due, was equivalent to so much purchase money. The debt was to all intents and purposes the same, though the creditor was changed. The authorities cited by the respondent, and especially [Marriot v. Davey] 1 Dall. [Pa.] 164 [1 L. Ed. 83; Kauffman v. Myer], 6 Watts [Pa.] 134; [Bemus v. Quiggle] 7 Watts [Pa.] 362, and Dillon v. Byrne, 5 Cal. 453 [455]; [Marsh v. Rice] 1 N. H. 168, support this view; and, if we could find no case to support it, the sense and apparent justice of the rule would go far towards inducing us to adopt it." Carr v. Caldwell, 10 Cal. 380, 70 Am. Dec. 740.

The Supreme Court of Kansas, in an early opinion of that court, in Nichols v. Overacker, 16 Kan. 54, in disposing of the question, said:

"The borrowing and loaning of the money was simply a part of one common or general purpose, of which the purchase of the land was another part, and the giving of the note and mortgage still another part.

All were parts of a general purpose, of which the main object was the purchase of said land. All were done in and about the purchase of said land, and to accomplish that purpose. And all contributed thereto. Without the money, the land could not have been purchased. Obligations of the kind we are now considering certainly come within the spirit of the provision of the constitution above quoted. The spirit of that provision is that no man shall enjoy property as a homestead, or an improvement thereon, as against the just claims of the person who procured it for him. This is highly equitable and just."

Another case, which presents unanswerable reasoning in support of the view stated, is Moseley v. Bevins, 91 Ky. 260, 15 SW. 527. The great weight of authority is in accord with the view above stated, and we content ourselves with citing some of the authorities in support thereof. Powers v. Pense, 20 Wyo. 327, 123 P. 925, 40 L. R. A. (N. S.) 785; Boles v. Walton, 32 Tex. Civ. App. 595, 74 SW. 81; Swift v. Kraemer, 13 Cal. 526, 73 Am. Dec. 603; Hicks v. Morris, 57 Tex. 658; McWilliams v. Bones, 84 Ga. 203, 10 SE. 724; Scott v. Land, etc., Co., 127 Ala. 161, 28 So. 709; Western Mort. & I. Co. v. Ganzer, 63 F. 647, 11 C. C. A. 371; Middlebrooks v. Warren, 59 Ga. 230; Lawson v. Pringle, 98 N. C. 450, 4 SE. 188; Van Loben Sels v. Bunnell, 120 Cal. 680, 53 P. 266; Kangerga & Bro. v. Willard (Tex. Civ. App.), 191 SW. 195; Zehr v. May, 67 Okl. 97, 169 P. 1077, L. R. A. 1918c, 431; Magee v. Magee, 51 Ill. 500, 99 Am. Dec. 571; Dorrah v. Hill, 73 Miss. 787, 19 So. 961, 32 L. R. A. 631; Calmes v. McCracken, 8 S. C. 87; 13 R. C. L. 604; 29 C. J. 864.

For the reason given, the judgment is affirmed.

### ON PETITION FOR REHEARING

January 18, 1927.

*Per Curiam:*

Rehearing denied.