J. OCHOA Y HERMANO *v.* HEREDEROS, SUCESORES O CAUSAHA-BIENTES DE LANZA.

Apelación procedente de la Corte de Distrito de Humacao.

No. 585.—Resuelto en abril 3, 1911.

ALEGACIONES—EXCEPCIÓN PREVIA—CAUSA DE ACCIÓN.—La demanda presentada en este caso no demuestra causa de acción en contra de los demandados, pues de las cuatro alegaciones que contiene, las dos primeras se refieren a la capacidad de las partes, la última a la falta de pago de la obligación, y la tercera, que es la esencial por ser en su caso la generadora de la acción, y la base de la reclamación, sólo afirma que la sociedad demandante es acreedora de la parte demandada por cantidad determinada, en virtud de obligaciones contraídas, y esta afirmación no envuelve un hecho, sino una conclusión de derecho.

ID.—CONCEPTO DE ACREEDOR.—El concepto de acreedor tiene que resultar de hechos originarios de una obligación, la que puede reconocer distintas causas, y esos hechos deben alegarse y concretarse para que, aceptados o probados, tenga vida legal aquel concepto.

ID.—ALEGACIONES DE DERECHO.—La alegación hecha por la parte demandante de que es acreedora de la parte demandada, es igual a la de que la parte demandada es deudora de la demandante, y con respecto a esta última alegación, la jurisprudencia ha establecido que es una alegación de derecho, y como tal no surte efecto ni puede sustituir o suplir hechos.

ID.—La omisión que contenga una demanda, de los hechos que sean necesarios para constituir causa de la acción ejercitada, no puede suplirse con las resultancias de las pruebas practicadas en el juicio, pues la demanda debe expresar por sí sola todos aquellos hechos que sean necesarios para constituir dicha causa de acción.

OBLIGACIONES—DOCUMENTOS MERCANTILES—PAGARÉS EXPEDIDOS A LA ORDEN.—PRESCRIPCIÓN.—Los pagarés expedidos a la orden son documentos mercantiles, y con arreglo al Código de Comercio, prescriben a los tres años contados desde su vencimiento, háyanse o nó protestado.

ID.—CONVENIO DE ACREEDORES.—El convenio celebrado por el deudor con sus acreedores, en un procedimiento de suspensión de pagos, por virtud del cual los últimos hubieran concedido al primero un plazo determinado para solventar todas sus deudas, no afecta a la naturaleza de la obligación, y si ésta es mercantil, no puede entenderse que deje de ser prescriptible con arreglo al Código de Comercio para ser regida por el derecho común, pues si tal obligación no fué remitida o extinguida por otra a virtud del convenio, la obliga-

ción subsiste, sin más alteración que la accidental del plazo para el pago, pero conservando su carácter especial y su virtualidad legal.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Arturo Aponte, Jr.*

Abogado del apelado: *Sres. Bosch y Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente pleito comenzó por demanda que en 18 de diciembre de 1907 produjo la sociedad J. Ochoa y Hermano contra herederos, sucesores o causahabientes de Celestino Lanza, en cobro de dinero, cuya demanda contiene las siguientes alegaciones:

I. Que la demandante es una sociedad en comandita con domicilio legal en esta ciudad y capacidad para demandar y ser demandada.

II. Que Celestino Lanza fué comerciante establecido en la ciudad de Humacao, y había fallecido cinco o seis años atrás.

III. Que la sociedad demandante es acreedora de la sucesión de Celestino Lanza por virtud de obligaciones contraídas por éste, de la cantidad de $3,294.28, procedentes de un capital de $2,238.76 y sus intereses, desde 5 de febrero del año 1900 hasta 15 de diciembre de 1907.

IV. Que ni Celestino Lanza, ni su sucesión, han satisfecho en tiempo alguno la expresada cantidad de $3,294.28.

La demanda concluye con la súplica de que en su día dicte sentencia condenado a la sucesión de Celestino Lanza al pago de los tres mil doscientos noventa y cuatro dollars veinte y ocho centavos ($3,294.28), intereses legales desde 16 de diciembre de 1907 hasta que el pago se efectúe, y las costas.

A la anterior demanda opusieron Víctor y Melquiades Lanza, herederos de Celestino Lanza, y Tomás Carreras, administrador de sus bienes, las excepciones previas marcadas con los número uno y sexto del artículo 105 del Código de Enjuiciamiento Civil, o sea, que la corte no tenía jurisdicción sobre las personas de los demandados, y que dicha

demanda no aducía hechos bastantes para determinar una causa de acción; y no habiendo comparecido.a sostenerlas el abogado de la parte demandada en el día señalado al efecto, la corte a virtud de moción de la demandante las tuvo por desistidas y abandonadas por orden de 12 de abril de 1909.

Los demandados contestaron entonces la demanda, alegando como excepción previa que no aducía hechos suficientes para determinar una causa de acción, por haber ésta prescrito con arreglo al artículo 950 del Código de Comercio. Por vía de contestación aceptaron los hechos 1°. y 2°. de la predicha demanda, negando en absoluto todos los demás; y como defensa especial reprodujeron la excepción de prescripción que como previa tenían alegada.

La corte, por orden de 3 de enero de 1910, desestimó la excepción previa de prescripción por no resultar de la faz de la demanda, y por haber sido desestimadas anteriormente otras excepciones previas, sin que se hubiese concedido permiso para reproducirlas; y como la demanda había sido contestada, ordenó se incluyera el pleito para señalamiento en el próximo calendario.

Al celebrarse el juicio en 28 de febrero de 1910, después de leídas las alegaciones de ambas partes, el abogado de los demandantes propuso como prueba una certificación expedida por el Secretario de la Corte de San Juan sobre autos de suspensión de pagos de Celestino Lanza, y habiendo manifestado el abogado de los demandados que no se oponía a su admisión, si el objeto de dicha certificación era demostrar que en 12 de junio de 1898, Celestino Lanza se presentó en suspensión de pagos y que en el expediente de suspensión figuró un pagaré del referido Lanza a favor de los demandantes, ambas partes de común acuerdo, con permiso de la corte, estipularon lo siguiente:

"Que Don Celestino Lanza se declaró en suspensión de pagos el día 13 de mayo de 1898, y que en dicha suspensión figuraron los demandantes J. Ochoa Hermano, como acreedores del dicho Don Celestino Lanza, con un pagaré, que literalmente dice así:

"Por $4,704, m. c.   Pagaré en esta Capital precisamente el día 15 de marzo de 1898, a los Sres J. Ochoa Hermano, o a su orden, en plata u oro, moneda corriente, con exclusión de todo papel moneda, aún el que fuere de circulación forzosa, la suma de $4,704 importe de efectos recibidos de conformidad, según factura de esta fecha.   Renuncio al derecho de domicilio y cuantas leyes pudieran favorecerme, y me obligo a satisfacer el interés del uno por ciento mensual, desde el día del vencimiento hasta el que se efectúe el pago, con más las costas, costos, daños y perjuicios que se originen por la demora.   San Juan, P. R., a 15 de noviembre de 1897.   C. Lanza."

Para mantener esa estipulación fué presentada la suspensión de pagos de que se ha hecho mérito, la que aparece transcrita en el récord, y la representación de los demandantes anunció a la corte que había terminado su prueba.

El abogado de los demandados solicitó del Tribunal una orden de *non suit,* o sea que se dictara sentencia a favor de los mismos, por entender que no habían sido probadas las alegaciones esenciales de la demanda, invocando además la prescripción en su favor, de acuerdo con el artículo 950 del Código de Comercio.

A esa pretensión se opuso el abogado de los demandantes; y después de haber pedido permiso a la corte para enmendar la alegación 3ª. de la demanda de acuerdo con la prueba, recayó resolución que, copiada a la letra, dice así:

"El día 28 de febrero de 1910, fecha previamente señalada para la vista de este pleito, fué llamado, compareciendo las partes representadas por sus abogados Manuel Tous Soto y Arturo Aponte, Jr., por demandantes y demandados, respectivamente.   La corte vista la prueba documental y la moción de *non suit* presentada por los demandados al terminarse la prueba de los demandantes, y los informes de los abogados de ambas partes, reservó su resolución.   La corte ahora resuelve que la moción de *non suit* presentada por los demandados abarca dos extremos: A. Deficiencia total (*failure*) de la prueba. B. Prescripción de la acción ejercitada.   En cuanto a la primera, sólo existe una incongruencia subsanable, y la corte resuelve, que, habiendo el demandante solicitado una enmienda a su demanda para hacerla armonizar con la prueba, siendo esta materia discrecional y de conveniencia a los fines de la justicia, sin que con su concesión se cause per-

juicio alguno a los demandados, que no tendrán que aducir defensa distinta, que la planteada, se autoriza la enmienda solicitada que deberá formularse enseguida, o sea dentro del plazo de veinte y cuatro horas, imponiéndose además todas las costas causadas hasta ahora a los demandantes.'' (Véase *Ramm* v. *B. of California,* 74 Cal., 191.)

''Respecto a la segunda, aunque no existe novación de la obligación principal, según se verá por las anotaciones legales que se insertan abajo en relación con la prueba documental presentada, no tiene la Ley Comercial término alguno de prescripción para esta clase de obligaciones, puesto que la virtualidad del pagaré original ha cesado, aunque la obligación íntegra subsista; y es, por tanto, de aplicar el artículo 943 del Código de Comercio, que, llevándose al derecho común, concede quince años para el ejercicio de esta clase de acciones.'' (Veanse sentencias del Tribunal Supremo de España de primero de febrero de 1883 y 28 de junio de 1904; Manresa, Coment. al Código Civil, Vol. 8, pág. 431.)

''En cuanto a la falta de pago, la corte resuelve que el pago de una obligación es una materia de defensa que deberá alegar el demandado.

''Comuníquese esta orden a las partes, para la continuación de la vista de esta causa, el día siete del corriente mes de marzo, a las 10 a. m.

''Dada en corte abierta hoy día de la fecha (firmado) Jorge V. Domínguez, Judge, District Court. Attest, Jesús L. Pereyó, Secretary.''

De esa resolución tomaron excepción los demandados.

A virtud del permiso de la corte, la demanda fué enmendada en el sentido de que la cantidad adeudada y no satisfecha era de cuatro mil setecientos cuatro pesos, moneda especial, equivalentes a dos mil ochocientos veinte y dos dollars, cuarenta centavos oro americano, y sus intereses desde cinco de febrero del año mil novecientos, hasta cinco de marzo del año mil novecientos diez al tipo legal, ascendentes a mil setecientos siete dollars cincuenta y cinco centavos oro americano, cuyas partidas de capital e intereses dan el total de cuatro mil quinientos veinte y nueve dollars con noventa y cinco centavos oro americano, a cuyo pago debía ser condenada la parte demandada, con los intereses legales desde el día 5 de

marzo de 1910, fecha de la enmienda hecha, hasta el completo reintegro, con imposición de las costas.

Reanudada la vista del caso en el día señalado, 7 de marzo, ambas partes estipularon *que los demandantes no han hecho ningún requerimiento de pago, ni ninguna interpelación judicial a los demandados con anterioridad a la fecha en que fué presentada la demanda.*

Los demandados presentaron la misma certificación del expediente de suspensión de pagos como prueba en la parte relativa a recurso de apelación interpuesto por uno de los acreedores contra la resolución dictada por el Juez de la Primer Instancia de Humacao, en dicho expediente, y además, otra certificación del Municipio de Humacao, justificativa de que Celestino Lanza fué comerciante en dicha ciudad hasta el primer semestre del año 1900, habiendo dejado de serlo en aquella fecha.

Del expediente de suspensión de pagos traído como prueba e inserto íntegro en el récord, resulta:

(*a*) Que en junta celebrada ante el Juez de Primera Instancia de Humacao con fecha 20 de junio de 1898, los acreedores de Celestino Lanza entre los que figuraba Severo Ochoa, como endosatario de J. Ochoa y Hermano, tenedores de pagaré otorgado a su favor en 15 de noviembre del año anterior por valor de 4,704 pesos, acordaron conceder a Lanza un año de respiro y cuatro años de espera para pagar íntegramente y por cuartas partes, sin interés, todas sus deudas.

(*b*) Que ese acuerdo o convenio fué aprobado por auto que dictó el Juez de Primera Instancia de Humacao en 6 de julio de 1898, si bien limitando a tres años el plazo concedido al deudor para pagar a sus acreedores, cuyo pago había de hacerse por terceras partes el 20 de junio de los años 1899, 1900 y 1901.

(*c*) Que la sociedad acreedora Bolívar, Arruza y Cía. solicitó en 8 de noviembre de 1898 la nulidad del auto que declaró en suspensión de pagos al comerciante Celestino Lanza, y en todo caso la nulidad de la junta sobre convenio de

los acreedores, con más la nulidad del auto que aprobó el convenio, cuyas pretensiones todas fueron desestimadas por auto del juzgado de Humacao de 13 de diciembre del mismo año.

(*d*) Que la expresada sociedad interpuso recurso de apelación contra el auto de 13 de diciembre de 1898, cuyo recurso fue admitido, citándose y emplazándose para ante la Corte Suprema a los representantes de la parte apelante y de Celestino Lanza en 6 de febrero de 1899, sin que aparezca que tal recurso haya sido tramitado y decidido.

El juicio terminó por sentencia que dice así:

"El día 7 de marzo de 1910, señalado previamente para la vista de este caso que fué llamado, comparecieron el abogado M. Tous Soto por los demandantes y el abogado Arturo Aponte, Jr., por los demandados, y anunciaron estar listos, en cuyo día la corte después de oir los escritos de las partes y las pruebas suministradas, se reservó su resolución.

"Hoy 22 de abril de 1910, la corte resuelve que la ley y los hechos están a favor de la parte demandante, por cuanto respecto a la pendencia del recurso de apelación de la orden aprobatoria de la suspensión de pagos, hay que presumir como cuestión de derecho la caducidad de tal instancia, de acuerdo con los artículos 410 y 414 del Código de Enjuiciamiento Civil antiguo, encontrándose los autos originales en la Corte de Distrito de San Juan, por virtud de la Sección 12 de la Orden General número 118 de agosto 16 de 1899.

"Y habiéndose resuelto los demás puntos de defensa en la orden interlocutoria de esta corte de 7 de marzo de 1910, una vez enmendada la demanda, se ordena que los herederos de Celestino Lanza *et al.*, paguen a los demandantes J. Ochoa y Hermano, la suma de cuatro mil quinientos veinte y nueve dollars noventa y cinco centavos ($4,529.95) que le adeudan como herederos de su finado tío Celestino Lanza, más las costas causadas. Humacao, veinte y dos de abril de mil novecientos diez. (Firmado) Jorge V. Domínguez, Judge, District Court. Attest, Jesús L. Pereyó, Secretary, District Court of Humacao."

Contra la sentencia transcrita interpusieron los demandados recurso de apelación para ante esta Corte Suprema, alegando, entre otros motivos legales, para sostenerlo, que la

corte inferior cometió error al no declarar con lugar la excepción previa opuesta a la demanda de que ésta no aducía hechos suficientes para determinar una causa de acción, y al resolver sobre los méritos del caso, que la acción de la sociedad demandante no había prescrito.

La demanda, ya se considere en su redacción primitiva, ya con la enmienda que se le hizo, limitada únicamente a la cuantía de la reclamación, no muestra causa de acción en contra de los demandados, pues de las cuatro alegaciones que contiene, las dos primeras se refieren a la capacidad de las partes, la última a la falta de pago de la obligación, y la tercera, que es la esencial por ser en su caso la generadora de la acción y la base de la reclamación, sólo afirma que la sociedad demandante es acreedora de la parte demandada por cantidad determinada, en virtud de obligaciones contraídas, cuya afirmación no envuelve un hecho, sino una conclusión de derecho.

"Acreedor. Es la persona a favor de la cual se ha contraído una obligación." (Bouvier's Law Dict., Vol. 1, pág. 475.)

"Acreedor. Es aquel que tiene derecho a obtener dinero de otro por virtud de cualquier concepto." (Am. and Eng. Encyc. of Law, Vol. 8, pág. 238.)

"Acreedor. El que tiene acción o derecho a pedir alguna cosa." (Escriche, Diccionario razonado de Legislación y Jurisprudencia.)

Como se ve, el concepto de acreedor tiene que resultar de hechos originarios de una obligación, la que puede reconocer distintas causas, y esos hechos deben alegarse y concretarse para que, aceptados o probados, tenga vida legal aquel concepto.

La alegación hecha por la parte demandante de que es acreedora de la parte demandada, es igual a la de que la parte demandada es deudora de la demandante, y sobre tal alegación, dice un ilustrado tratadista:

"Una alegación expresiva de que una persona es o era

*deudora,* aun cuando añada que lo es por virtud de *dinero recibido,* etc., o *por servicios,* etc., describiendo el fundamento de la deuda, *es una mera conclusión,* y por tanto, insuficiente al ser atacada por una excepción previa, a menos que se consignen aquellos detalles de tiempo, lugar, requerimiento, etc., que equivalgan a una alegación sustancial de hechos explicativos de responsabilidad.'' (Abbott's Trial Brief, Vol. 1, pág. 534, 2ª. ed., y notas allí citadas.)

''La alegación de que se adeuda una suma es una mera conclusión de ley.'' (Bliss on Code Pleadings, párrafo 212, pág. 234, 3ra. edición.)

Y las conclusiones legales no surten efecto alguno en los *pleadings,* ni pueden sustituir o suplir hechos. La demanda, según el artículo 103 del Código de Enjuiciamiento Civil, entre otros requisitos, debe contener una exposición en lenguaje usual y conciso de los hechos que originan la acción, y ese precepto no puede estimarse cumplido por medio de conclusiones legales.

''El sistema de alegaciones bajo el Código es enfáticamente un sistema de hechos; solamente hechos deben alegarse; es decir, hechos en contradistinción de derecho, argumentos, hipótesis o evidencia de los hechos. El demandante está obligado a hacer constar franca y verdaderamente los hechos que constituyen la causa de acción.'' (Encyclopedia of Pleading and Practice, vol. 12, pág. 1022.)

El defecto de que adolece la demanda no puede estimarse subsanado por la estipulación que en el acto del juicio hicieron las partes sobre haberse presentado Celestino Lanza en suspensión de pagos el año de 1898, y haber figurado J. Ochoa y Hermano entre los acreedores por valor de $4,704, según pagaré a la orden inserto en dicha estipulación, pues a nosotros nos toca resolver hoy si la demanda, tal como fué presentada y dió origen al juicio, aducía causa de acción, como realmente no la aducía según dejamos expuesto, y dicha estipulación no vino a alterarla en su alegación sustancial. Tal estipulación no puede tener más alcance que el que se deriva

de los términos en que aparece redactada y del fin que al hacerlo se propusieron las partes, o sea demostrar que Lanza se presentó en suspensión de pagos y que en ese expediente de suspensión de pagos, aparecía la sociedad demandante como acreedora, a virtud de un pagaré a la orden suscrito por Lanza.

Pero si se admite que mediante la estipulación de que se deja hecho mérito y el expediente de suspensión de pagos traído al juicio como prueba, el crédito cuyo cobro se persigue es el mismo originado por el pagaré a la orden inserto en la estipulación, tendremos que la corte inferior cometió error al estimar que la acción ejercitada por la sociedad demandante no ha prescrito. Dicha acción se derivaría entonces de un pagaré que en 15 de noviembre del año 1897 expidió el demandado a favor de la sociedad demandante o a su orden, por cantidad de 4,704 pesos de la moneda entonces corriente, procedente de efectos recibidos de conformidad, y a solventar en 15 de marzo de 1898 con el interés del 1 por ciento mensual desde el día del vencimiento hasta el del pago. Ese pagaré es un documento mercantil, y como tal, está sujeto a los preceptos del Código de Comercio, según lo hemos resuelto en el caso de *Agustín Hernández* v. *José de los Santos Muñiz,* decidido en 15 de enero de 1906. Según el artículo 950 del Código citado, la acción procedente de letras de cambio, libranzas y pagarés de comercio, cheques, talones y demás documentos de giro o cambio, se extinguirá a los tres años de su vencimiento, háyanse o nó protestado. El pagaré, según su texto, había de vencer en 15 de marzo de 1898, y según el convenio aprobado por el juzgado de Primera Instancia de Humacao en el expediente sobre suspensión de pagos de Celestino Lanza, en 20 de junio, 1901, pues en ese día había de expirar el último plazo de los tres en que por terceras partes había de solventarse el crédito. La demanda se presentó en 18 de diciembre de 1907, y por tanto, ya se considere el pagaré tal cual está redactado, ya prorrogado en su pago, ha vencido con exceso el término de tres años señalado

para la prescripción, que no se ha interrumpido, pues los demandantes confiesan no haber hecho requerimiento de pago ni interpelación judicial a los demandados con anterioridad a la fecha en que fué registrada la demanda.

No podemos admitir que mediante el convenio habido en la junta de acreedores de Lanza, la acción eveniente del pagaré haya dejado de ser prescriptible con arreglo al artículo 950 del Código de Comercio, para ser regida por las disposiciones del derecho común, al tenor de lo que ordena el artículo 943 del mismo Código, en cuyo caso el término de prescripción sería de 15 años a contar desde la fecha en que fué celebrado el convenio. La obligación contraída por Lanza al librar el pagaré no fué remitida o extinguida por otra a virtud del convenio, sino que quedó subsistente en su esencia, objeto y condiciones principales, sin más alteración que la accidental del plazo para el pago, habiendo, en su consecuencia, subsistido el pagaré, aunque afectado por esa misma alteración, que no le ha quitado su carácter especial y su virtualidad legal. Tan es así, que según la enmienda hecha a la demanda con el resultado de la prueba, la misma deuda que arroja el pagaré y no otra es la que se cobra.

En corroboración de lo dicho podemos citar los artículos 1124, 1171 y 1172 del Código Civil Revisado, que son los 1156, 1203 y 1204 del Código Civil antiguo, y la Sentencia del Tribunal Supremo de España de 28 de junio de 1904.

No es de aplicación al presente litis la sentencia del mismo tribunal de 11 de diciembre de 1906, invocada por la parte recurrida, pues se refiere a un caso en que la obligación primitiva fué modificada sustancialmente por un convenio.

Por las razones expuestas, y siendo innecesario entrar en la consideración de otras cuestiones legales traídas a judicial debate, entre ellas la de falta de prueba de la obligación cuyo cumplimiento se pide, y la de que la corte cometió error al estimar que los demandados tenían que alegar el pago de la deuda, habiendo alegado los demandantes "Non payment" en el escrito de demanda, opinamos que debe revocarse la

sentencia apelada y declararse sin lugar la demanda sin especial condena de costas.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, y del Toro.

El Juez Asociado Sr. Aldrey, no intervino en la resolución de este caso.