## GARCÍA v. PRESTON ET AL.

### Apelación procedente de la Corte de Distrito de Humacao.

No. 590.—Resuelto en mayo 9, 1911.

MÉDICO—COBRO DE HONORARIOS POR SERVICIOS PROFESIONALES—FALTA DE CAUSA DE ACCIÓN—MÉDICO LLAMADO POR UNA PERSONA PARA ASISTIR A OTRA.—En las demandas que se entablan por un médico para el cobro de honorarios por servicios profesionales prestados a un enfermo a petición de otra persona que no está obligada a suministrarle asistencia médica, para que la demanda alegue una causa de acción es necesario exponer hechos tendentes a demostrar que la persona que llamó al médico se hizo responsable del pago de sus honorarios, y en ausencia de tal alegación, la demanda es insuficiente.

ID.—RELACIÓN DE PATRONO Y EMPLEADO— RESPONSABILIDAD DEL PATRONO POR LA ASISTENCIA MÉDICA A SU EMPLEADO.—La relación de patrono y empleado existente entre el enfermo y la persona que llamó el médico no es bastante por sí sola para hacer responsable al patrono que ha llamado a un médico para que asista a su empleado enfermo, a menos que exista por parte del patrono la oferta de remunerar tales servicios.

ID.—MÉDICO LLAMADO POR LA ESPOSA PARA ASISTIR A UN EMPLEADO ENFERMO— RESPONSABILIDAD DEL MARIDO.—El haber sido llamado un médico por la esposa para asistir a un empleado enfermo no hace al marido como miembro de la sociedad conyugal responsable del importe de los servicios profesionales prestados, a menos que exista una oferta de pagar.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Hartzell* y *Rodríguez Serra*.

Abogados del apelado: *Sres. Aponte* y *Aponte*.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Este caso envuelve en su esencia la suficiencia de una demanda. La acción se estableció primeramente en la corte municipal de Naguabo de donde pasó en grado de apelación a la Corte de Distrito de Humacao. Cuando llegó el día de la celebración del juicio en la corte de distrito, después de una discusión, las partes convinieron en eliminar el cuarto párrafo de la demanda y dejar a la corte que resolviera si la demanda así enmendada mostraba una causa de acción. La corte dictó sentencia a favor del demandante y contra los demandados por la suma de quinientos dollars y costas.

La demanda que ha de examinarse, según ha sido enmendada, es como sigue:

"El demandante arriba mencionado, Casimiro García del Valle, por medio de sus abogados Aponte y Aponte, ante la corte comparece demandando a Gustavo R. Preston, su señora esposa Doña Emma de Preston, también arriba nombrada y alega.

"Primero: Que el demandante es médico cirujano, con derecho a ejercer su profesión teniendo abierta su oficina en el pueblo de Naguabo, dentro de este Distrito Judicial Municipal.

"Segundo: Que allá por el día 4 de diciembre de 1909, a instancias y ruego de la demandada, Emma R. de Preston, acudió a su casa habitación (que lo es también la del otro demandado Gustavo Preston) a fin de dispensar de sus servicios profesionales en la curación y asistencia de un empleado del demandado (el dicho Sr. Gustavo Preston) en una enfermedad de cáncer en la vejiga, con hemorragia continua. El enfermo de referencia era conocido con el nombre de Mr. Sheldon.

"Tercero: Que los demandados Gustavo Preston y Emma R. de Preston son marido y mujer y viven bajo un mismo techo, en un barrio dentro del término municipal de Naguabo, denominado 'Río Blanco,' quedando dicha casa a larga distancia del susodicho pueblo de Naguabo.

"Quinto. Que el demandante, cumpliendo con los deseos de la señora Preston, asistió a Mr. Sheldon hasta el día 12 de diciembre de 1909, permaneciendo algunas veces durante toda la noche junto a la cabecera del enfermo y sin dejar pasar ni un solo día sin que trabajase en la curación difícil que se perseguía. El demandante alega, que también a ruego e instancia de la señora Preston, acompañó al enfermo hasta San Juan, donde le dejó en el Hospital Presbiteriano, habiéndole antes y durante todo el camino atendídole y asistídole con el mayor cuidado.

"Sexto: Que estos trabajos profesionales valen por lo bajo la suma de quinientos dollars, suma ésta que no ha satisfecho los demandados a pesar de los requerimientos que para su pago se les ha hecho.

"Séptimo: El demandante alega que antes de acudir a la vía judicial para evitar todo litigio, redujo el montante de sus honorarios a la suma de $205, por cuya cantidad estuvo dispuesto a dar recibo de saldo a los demandados, pero se han negado al pago tanto de una suma como de otra.

"Por lo que a la corte suplica: se sirva pronunciar sentencia a favor del demandante, y en contra de los demandados, por la expre-

sada suma de $500 y las costas.   Humacao, P. R., 10 de enero de 1910. (Firmado) Aponte & Aponte, Abogados del demandante.''

Según nuestro procedimiento, la demanda deberá contener una exposición en lenguaje usual y conciso de los hechos que originan. la acción.   Artículo 103 del. Código de Enjuiciamiento Civil.   En un caso muy antiguo de California, el Juez Sr. Field declaró ''que solamente deben exponerse hechos. Esto significa, hechos en contraposición con la ley, argumentos, hipótesis y prueba de los hechos.'' (*Green* v. *Palmer,* 15 Cal., 412.)   En el caso de *Bank of the Metropolis* v. *Guttschlick,* 14 Pet., 27, se declaró ''Que es una regla en las alegaciones, que se expresen los hechos de acuerdo con el efecto legal de las mismas.''. (Véase también el caso de *Marshal* v. *Baltimore and Ohio R. R. Co.,* 16 How., 328.)

En la ley común las causas de acción se determinan en los códigos de los Estados y en la mayor parte de estas jurisdicciones solo se exige que la demanda exprese hechos que, según la ley común, serían necesarios.   (*Budd* v. *Multnoman St. Ry. Co.,* 7 Pac., 102; *McAllister* v. *Kuhn,* 96 U. S., 87; *Nebeker* v. *Harvey,* 21 Utah, 373, 60 Pac., 1031, y casos; Pomeroy Code Remedies, art. 347; *Stevens* v. *Mayor, etc., of New York,* 84 N. Y., 305.)

Según estos principios se ha resuelto generalmente que cuando la ley, de acuerdo con el sistema de la ley común o de Código, implicaría una promesa de pago, según determinados hechos, no era necesario que tal promesa se expresara en la demanda.   (Pomeroy Code Remedies, art. 432 y siguientes, 4ª. Edición, pág. 578 y siguientes; *Voigt* v. *Brooks et al.* [Mont.] 48 Pac., 550; opinión emitida por el Juez Sr. Hunt, en donde se citan casos *Kraner* v. *Halsey,* 82 Cal., 210; *Wilkins v. Stidger,* 22 Cal., 236.)   De conformidad con los anteriores principios, un médico que presta sus servicios profesionales a un hombre en uno de los Estados, no tiene que alegar ni probar la existencia de alguna promesa en un pleito que se siga contra dicha persona.   *Aquantum meruit proce-*

*dería.* (*Wilkins* v. *Stidger supra. Dale* v. *Donaldson Lumber
Co.,* 3 Am., St. Rep., 226; 2d Am. & Eng. Enc., Vol. 22, 790,
30 Cyc., 1592.) La ley implicaría una promesa de pago si un
hombre prestara servicios importantes a otro, y un médico
en los Estados Unidos no es una excepción de esta regla. Sin
embargo, la corriente de autoridades en los Estados Unidos
se expresa en el sentido de que el mero llamamiento que se
hace a un médico para que preste sus servicios a una tercera
persona que se encuentra enferma o sin amparo no hace res-
ponsable a la persona que lo llama. (30 Cyc., 1597, 2d Am.
& Eng. Enc., Vol. 22, 790-791; *Cotnam* v. *Wisdom,* 12 L. R. A.
[N. S.], 1090 y nota; *Norton* v. *Rourke,* 18 L. R. A. [N. S.], 176
y casos; *Williams* v. *Brickrell,* 75 Am. Dec., 88; Wharton &
Stille's Medical Jurisprudence, Vol. 3, sección 467.) El caso
principal y que ha sido citado frecuentemente es uno que no
hemos podido examinar, (*Meisenbach* v. *Southern Cooperage
Co.,* 45 Mo. App., 232), pero en el caso de *Norton* v. *Rourke,* se
cita un párrafo de aquél, a saber: "La razón y principio en
que se funda esta regla son obvios. . . . Cuando una perso-
na gravemente herida o quizás sin poder solicitar auxilio, o el
sufrimiento sea tal que no pueda hacerlo, cualquier persona
acudirá inmediatamente donde el médico más cercano en cum-
plimiento de un deber humanitario. Si por el hecho de ir
dicha persona en busca de los auxilios de un médico, la ley le
hiciera responsable para con el médico en el pago de sus hono-
rarios por todo el tiempo de su asistencia, entonces muchos se
abstendrían de cumplir con ese deber, y entonces el enfermo
podría morirse por falta de la necesaria e inmediata asis-
tencia. Ni tampoco expresa la ley, interpretada propiamente,
que la persona que llama al médico, o hace que sea llamado, se
hace responsable de los honorarios de dicho médico." En
Nueva York y quizás en pocos otros sitios la regla varía algo.
Los casos de New York están revisados en el caso de *Foster*
v. *Meeks,* 18 Miscellaneous, 461. Pero al parecer no hay caso
alguno en que se declare que el simple llamamiento es bastante
para que se establezca la responsabilidad. En el caso de *Brad-*

*ley* v. *Dodge,* 45 How. Pr., 57, por ejemplo, el demandado dejó
su tarjeta de comerciante al empleado del médico manifes-
tando en ella al médico que pasara a visitar al enfermo inme-
diatamente.  En el caso de *Foster* v. *Meeks* se presentó prue-
ba en el juicio de que el demandado atendería al pago.  Sin
embargo, los casos de New York son las excepciones, siendo
necesario, según las autoridades citadas por el demandante
durante el juicio, que por lo menos aparezcan otras circuns-
tancias además del simple llamamiento para que quede obli-
gado un demandado en tales casos, en que el beneficio de los
servicios lo ha recibido un tercero.

No hemos podido encontrar ningún caso en que se inter-
prete una demanda en que hayan sido prestados servicios por
un médico a una tercera persona, como sucede en este caso.
Es una regla en alegaciones hechas de acuerdo con el Código,
que solamente deben alegarse los hechos en que la acción se
funde.  (*McCaughey* v. *Schuette,* 117 Cal., 224; *McAllister* v.
*Kuhn,* 96 U. S., 87, *supra; Columbus H. V. & T. Ry. Co.* v.
*Gaffney,* 61 N. E., 154.)  Si la demanda que consideramos
pudiera ser considerada como la exposición de los hechos
en que la acción se funda y necesarios para una causa de ac-
ción, quizás podría ser declarada con lugar.  Aunque no se ha
podido encontrar ningún caso en que se interprete una de-
manda en que la cuestión envuelta sean los servicios suminis-
trados por un médico a una tercera persona, sin embargo, se
han interpretado contratos implícitos por beneficios recibidos
por terceras personas.  En *Conrad Nat. Bank* v. *Great North-
ern Ry. Co.,* 61 Pac., 3, la Corte Suprema de Montana dijo:
"Ni son las alegaciones de la demanda suficientes para que
pueda fundarse en las mismas una sentencia por alimentos,
casa, artículos, utensilios, y mercancías suministrados a los
empleados del demandado a petición de este último.  No es
necesario alegar una promesa de pago cuando los hechos,
según se alegan, implican una promesa, como cuando, la sub-
sistencia, habitación, etc., se suministran al demandado a peti-
ción del mismo; pero cuando el suministro o la entrega se

hace a una tercera persona a petición del demandado, entonces no apareciendo algo más, no se presume que ha habido promesa alguna de parte del demandado de pagar por una entrega o suministro de alguna cosa que se haga a un tercero, y aunque tal cosa se haga a solicitud del demandado, según la ley eso implica que el demandado esté en la obligación de pagar. El hecho de que se haga la entrega a ruego del demandado es compatible con la idea de que el tercero o la persona que recibió los efectos tenía crédito adquirido. La relación de patrono y empleado no lleva consigo ninguna obligación por parte del principal de donde la ley presuma una promesa de pago por los beneficios que solamente recibió el empleado. Debe alegarse o la promesa expresa o los hechos de donde se deduce tal promesa, así como también, que el crédito se le hizo al principal y no al empleado (Chit. Pl., pp. 308, 356); o la alegación debió haberse hecho en un sentido general, que el alimento, casa y provisiones, fueron suministrados al principal a su petición. (*Porter* v. *McClure*, 15 Wend. 187.)

Por iguales razones, y de acuerdo con las autoridades, creemos que la demanda sería insuficiente en los Estados Unidos. Los hechos no son suficientes para deducir de los mismos la existencia de una promesa de pago por parte de la Sra. Preston. En la demanda no hay nada que demuestre que la Sra. Preston hiciera sino lo que hubiera hecho otra persona cualquiera movida por sentimientos humanitarios. La Sra. Preston mandó a buscar al médico a su casa donde el enfermo se encontraba, le indicó que lo asistiera y permaneciera a su lado, suplicándole después que lo acompañara a San Juan; pero en estas manifestaciones no hay nada que indique que la Sra. Preston trataba con esto de obligarse ella y su marido al pago de la deuda. La manifestación de que en este caso hubo inteligencia entre las partes, hubiera sido un hecho en el que se podría fundar la acción. En la demanda no hay nada que demuestre que los Sres. Preston estaban en tales relaciones para con el enfermo que justificaran al médico en creer que ellos y no el enfermo eran los responsables.

No se alega en la demanda que por la conducta o proceder de la Sra. Preston, ella estaba impedida de negar el contrato. Es cierto que la demanda expresa que el enfermo era un empleado del demandado el Sr. Preston; pero ese hecho por sí solo no lo hace responsable como miembro de la sociedad conyugal contra la que parece que se ha establecido esta acción. Con respecto a un sirviente se ha declarado que a falta de alguna estipulación, el principal no tiene obligación legal alguna de suministrarle asistencia médica si se enferma o sufre algún daño mientras desempeña sus obligaciones, estando revisados los casos en la nota del caso de *Kenilworth* 4 L. R. A. [N. S.], 53. En el caso de *T. W. & W. R. R. Co.* v. *Rodríguez,* 47 Ill., 190, se declaró que cuando un empleado queda inhabilitado y desamparado en el servicio de la compañía no hay alguna razón por la cual ese hecho no pueda ser una causa bastante para fundar en él una promesa de pago. En el presente caso, sin embargo, no existe alegación de ninguna clase de que haya obligación para con el empleado, moral o de otra clase, por parte de los Sres. Preston. El hecho de que el empleado estuviera viviendo en la misma casa que ellos si alguna cosa indica es que no era un empleado ordinario.

En la vista del caso, los apelantes hicieron renuncia de todas las cuestiones relativas a la facultad de la Sra. Preston para obligar a su esposo, y de todas las cuestiones referentes a su responsabilidad como mujer casada. No obstante, es imposible que pueda prescindirse de estos hechos que han sido admitidos, al resolver si una mujer en estas circunstancias, por los actos y palabras que han sido referidos, trató de utilizar los servicios profesionales del médico, o si el médico fué inducido por dichos actos y conducta a creer que la Sra. Preston solicitaba sus servicios.

Los hechos expuestos en la demanda no determinan un contrato entre las partes, los Sres. Preston y el demandante. El enfermo recibió el beneficio de los servicios del médico y no existe nada que muestre que los apelantes obraron impul-

sados por alguna consideración como se exige en todos los contratos, según los artículos 1241-1244 del Código Civil. El apelado nos cita la enmienda hecha a la sección 1486 del Código Civil. Esa sección, sin embargo, solamente confiere al profesional el derecho a un valor razonable por sus servicios en los casos en que no existe convenio alguno con respecto a su remuneración y surja un desacuerdo con respecto a los mismos. Esto no constituye un contrato entre las partes, si ellos no han hecho ninguno. Por tanto, debemos declarar que no se mostró una causa de acción. Si el demandante tenía una causa de acción, estaba en condiciones de poderla mostrar. Debe revocarse el caso y declararse con lugar la excepción previa formulada por el demandado, de que la demanda no expresa hechos bastantes que determinen una causa de acción y permitirse al demandante que enmiende su demanda dentro del término que con tal objeto pueda concederle la corte inferior.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary y del Toro.

El Juez Asociado Sr. Aldrey no tomó parte en la resolución de este caso.