CUEBAS, DEMANDANTE Y APELANTE, *v.* BANCO TERRITORIAL Y AGRÍCOLA ET AL., DEMANDADOS Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 955.—Resuelto primeramente en junio 26, 1913.

Resuelto en reconsideración en diciembre 19, 1913.

HIPOTECAS INSCRITAS EN LA ANTIGUA ANOTADURÍA DE HIPOTECAS—FALTA DE TRASLADO A LOS NUEVOS LIBROS DEL REGISTRO—TERCEROS.—Para que una demanda contra un tercero sobre cobro de una hipoteca inscrita en la antigua anotaduría de hipotecas determine una causa de acción, es necesario que en ella se alegue que el asiento en la antigua anotaduría fué trasladado a los libros modernos del registro dentro del año siguiente a la promulgación de la Ley Hipotecaria que empezó a regir en esta isla el 25 de octubre de 1893, o dentro del año de prórroga que se concedió por Real Orden de 28 de noviembre de 1894, de acuerdo con el artículo 449 del reglamento de la Ley Hipotecaria en relación con el artículo 397 de dicha ley.

TERCEROS—CONOCIMIENTOS DE LA EXISTENCIA DE UNA HIPOTECA—MANERA DE ALEGARLO EN LA DEMANDA—CONCLUSIONES DE DERECHO.—La alegación hecha en la demanda enmendada de que el banco demandado "tenía conocimiento de la existencia y validez o vigencia de la hipoteca," es una conclusión de derecho por no alegar los hechos necesarios para que la corte pudiera llegar a la conclusión de que el demandado tenía tal conocimiento.

MOCIÓN SOBRE RECONSIDERACIÓN DE SENTENCIA.

EXCEPCIONES PREVIAS A LA DEMANDA—FALTA DE CAUSA DE ACCIÓN—CONCLUSIONES DE DERECHO.—Una excepción previa de que la demanda no aduce hechos suficientes para constituir una causa de acción abarca toda la demanda y es innecesario especificar los extremos en que la demanda es insuficiente, y este tribunal puede *motu propio* al resolver en apelación una

excepción previa de esa naturaleza considerar cualquier fundamento que haga insuficiente la demanda, aunque no haya sido alegado ni en la corte inferior ni en esta corte por la parte que interpuso la excepción previa.

RECONSIDERACIÓN DE SENTENCIA—ENMIENDA DE LA DEMANDA—PRIVACIÓN DE AUDIENCIA.—La sentencia dictada por esta corte en este caso no impide que el demandante acuda a la corte sentenciadora con la súplica de que le permita enmendar la demanda, y el hecho de que este tribunal en su citada sentencia no le concediera autorización expresa para hacerlo, no implica que al demandante se le haya privado de su día en corte.

Los hechos están expresados en las opiniones.

Abogados del apelante: *Sres. Fernando Vázquez* y *N. B. K. Pettingill.*

Abogado de los apelados: *Sr. Juan de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

Las alegaciones sustanciales de la demanda en este caso, después de haber sido enmendada, son que en el año 1875, Moses Levy y Compañía constituyeron hipoteca voluntaria a favor de José Ramón Carbonell sobre la hacienda Carmelita, por cierta cantidad de dinero que debían pagarles en marzo de 1876; que de esa hipoteca se tomó razón en el antiguo Registro de Hipotecas con fecha 20 de octubre de 1875; que tal crédito hipotecario fué cedido a José María Monge, y por muerte de éste pertenece en la actualidad a la demandante Irene Cuebas; que en 21 de noviembre de 1875, Felipe Cuebas pasó a ser dueño de la hacienda Carmelita, con el compromiso de pagar la hipoteca constituída a favor de José Ramón Carbonell; que Irene Cuebas en el año 1892 demandó a Cuebas para el pago de la hipoteca, siendo condenado a él en mayo del mismo año, pero la demandante desistió de su demanda por promesa de prórroga que hizo a dicho Felipe Cuebas; que éste, en 2 de abril de 1901, constituyó hipoteca sobre la misma hacienda Carmelita a favor del Banco Territorial y Agrícola y, no habiéndola pagado, fué la finca adjudicada luego en pública subasta al banco acreedor, quien es su actual dueño, y como tal es demandado en unión de Ramón Valdés a quien la tiene prometida en venta y quien está posesionado de ella; que no habiendo cumplido Felipe Cuebas Arredondo su promesa de pago, fué demandado en unión del

Banco Territorial y Agrícola en 1904 ante la Corte de Distrito de los Estados Unidos para Puerto Rico, demanda que fué desestimada por falta de jurisdicción y cuya resolución fué confirmada por sentencia de 19 de febrero de 1912 dictada por la Corte Suprema de los Estados Unidos; que la hipoteca de 1875 está vigente en la actualidad en la antigua Anotaduría de Hipotecas y que cuando se constituyó la del Banco Territorial y Agrícola, éste tenía conocimiento de la existencia y validez o vigencia de la expresada hipoteca.   Con tales alegaciones la demandante pidió al tribunal que condenara a los demandados a reconocer su hipoteca como primera y privilegiada, o en caso contrario, como subsiguiente en derecho a la del banco, pero con derecho a redimir la finca de la hipoteca de éste, mediante el pago de la suma que resultare equivalente después de una rendición de cuenta.   Excepcionada esta demanda por el Banco Territorial y Agrícola por el fundamento de que no aduce hechos que determinen una causa de acción y, además, porque en todo caso ésta se halla prescrita de acuerdo con los artículos que citó, la corte sostuvo la excepción por el primero de estos fundamentos y negó permiso para enmendar la demanda; resolución que luego se registró como sentencia de la corte, en contra de la cual se ha interpuesto por la demandante el presente recurso de apelación.

Para que el asiento de la antigua Anotaduría de Hipotecas, extendido con motivo de la que constituyeron en 1875 Moses Levy y Compañía a favor de José Ramón Carbonell pueda hacerse valer contra el Banco Territorial y Agrícola, que adquirió después del año 1901 la finca sobre que pesaba, es necesario que en la demanda se alegue que tal asiento fué trasladado a los libros modernos del registro de la propiedad dentro del año siguiente a la promulgación de la Ley Hipotecaria que empezó a regir en esta Isla el 25 de octubre de 1893, o dentro del año de prórroga que se concedió por Real Orden de 28 de noviembre de 1894, ya que de acuerdo con el artículo 449 del Reglamento dictado para la ejecución de la Ley Hipotecaria, en relación con el 397 de la propia ley, es necesario

dicho traslado para que produzca efecto contra tercero. La ley no ha querido que los asientos. obrantes en la antigua Anotaduría de Hipotecas, que no han sido trasladados de acuerdo con sus disposiciones, surtan efecto contra tercero, siendo el objeto de esos preceptos el dejar sin eficacia contra tercero, en un término fijo, los asientos sobre censos, hipotecas y demás derechos reales que no hubiesen sido trasladados, por cuya razón la alegación de que los traslados se hicieron oportunamente, es indispensable en la demanda, para que haya causa de acción contra un tercero.

Pero sostiene la parte apelante que el Banco Territorial y Agrícola no tiene el concepto de tercero en este caso. Es repetida jurisprudencia tanto de los tribunales españoles como de esta Corte Suprema, que no puede considerarse como tercero a quien adquiere un inmueble a sabiendas de las cargas que pesan sobre él, aun cuando no aparezcan de los libros del registro de la propiedad. Sentencias del Tribunal Supremo de España de 8 de octubre de 1885, 21 de abril de 1887, 7 de febrero de 1896 y 29 de septiembre de 1897, ratificadas por esta Corte Suprema en los casos de *Valdés* v. *Valle y Noble,* 1 D. P. R., 95; *Surís* v. *Quiñones,* 17 D. P. R., 670, y *Carmona* v. *Cuesta,* 18 D. P. R., 186. Sin embargo, la demanda no demuestra que el banco demandado deje de tener la condición de tercero ya que dice únicamente en la demanda enmendada por segunda vez que él "tenía conocimiento de la existencia, y validez o vigencia de la hipoteca de Moses, Levy y Compañía a favor de José Ramón Carbonell." Estas palabras de la demanda no consignan hechos sino conclusiones de derecho, ya que si una hipoteca está vigente, existente y válida, es porque han ocurrido ciertos hechos que de acuerdo con la ley producen ese resultado, y esos hechos son los que debió alegar la parte demandante, de acuerdo con el número 2°. del artículo 103 del Código de Enjuiciamiento Civil, para que la corte pudiera llegar a la conclusión de que el demandado conocía la existencia, validez o vigencia de tal hipoteca y que por ello no podía el

banco demandado ser considerado como tercero; hechos tanto más necesarios cuanto que por ser el demandado una persona jurídica importa conocer qué persona, en qué forma y en qué relación con el banco se enteró de dicho gravamen, para poder entonces inferir si el conocimiento de esa persona era el conocimiento de la persona jurídica demandada. Y que esas palabras son conclusiones de ley y no exposición de hechos, ha sido ya resuelto en el caso de *People* v. *Crotty,* 93 Ill., 180, en el que se resolvió que la alegación de que un documento es válido es una conclusión de ley; en el de *Shea* v. *Johnson,* 101 Cal., 455, se hace igual declaración respecto a la alegación de si un gravamen existió o no; y también en el de *Luverne* v. *Birmingham,* 143 Ala., 153, 39 So., 126, en el que se resuelve que la afirmación de que el comprador tuvo noticia, es una conclusión legal.

Por las razones expuestas la sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.

---

PRESENTADA MOCIÓN de reconsideración por la parte apelante, fué denegada en diciembre 19, 1913, por medio de la siguiente opinión emitida por el Juez Asociado Sr. Aldrey.

La parte apelante solicita que reconsideremos la sentencia que hemos dictado en este caso, alegando en apoyo de su petición lo siguiente:

1°. Que al confirmar la sentencia que dictó la Corte de Distrito de Mayagüez, por la cual se declaró sin lugar la demanda, nos hemos basado en que las alegaciones expuestas en ella con respecto a que el banco demandado no era un tercero se hicieron en forma de conclusiones de derecho y no de hechos, cuya cuestión no fué promovida en la corte inferior por dicho demandado, ni tampoco en los alegatos ante

esta Corte Suprema, sino que por primera vez fué tratada en nuestra sentencia; y

2°. Porque siendo el defecto que hemos encontrado de tal naturaleza que puede ser enmendado, el no dar al demandante oportunidad para que enmiende su demanda equivale a privarle de su día en corte.

Con respecto al primer particular diremos que la demanda fué excepcionada en la corte inferior por el fundamento de que no aducía hechos bastantes que determinasen una causa de acción, excepción que sostenida por la corte de distrito produjo la sentencia que declaró sin lugar la demanda.

Es cierto que entre los motivos que adujo el demandado para justificar esa excepción no expresó el de que la demanda contuviera alegaciones de derecho en vez de hechos, ni tampoco lo adujo en su alegato ante nosotros, pero a pesar de ser esto así pudimos considerar *motu propio* tal cuestión porque como la excepción fundada en ese motivo no necesita especificar los extremos en que la demanda es insuficiente, el hecho de que el demandado consignara algunos motivos por los que estimaba insuficiente la demanda, no nos privaba de considerar cualquier otro por el que llegáramos a la conclusión de que la demanda no aducía hechos que determinasen causa de acción. Tal excepción está dirigida contra toda la demanda y es nuestro deber al resolverla, examinar toda la alegación para determinar si siendo cierta, puede basarse en ella una sentencia condenatoria.

En cuanto al segundo extremo alegado para la reconsideración que se pretende, hemos de decir que nuestra sentencia no prohibe que el demandante pueda enmendar su demanda, siendo como es el defecto que hemos encontrado susceptible de una enmienda, y por tanto no lo hemos privado de su día en corte; pero el hecho de que expresamente no hayamos consignado en nuestro fallo que al demandante se le concede oportunidad para enmendar su demanda, no es bastante para que hayamos de modificar nuestra resolución, ya que puede acudir a la corte que conoce del procedimiento con la

súplica de que le permita enmendar la alegación que hemos encontrado defectuosa.   Es verdad que la sentencia confirmada se basaba en el precedente de una resolución, que al declarar con lugar la misma excepción que nosotros, negó el derecho de enmendar la demanda, pero lo que nosotros hemos confirmado no fué ese precedente, sobre el cual no hicimos pronunciamiento alguno, sino la sentencia que declaró sin lugar la demanda porque no exponía una causa de acción.

Por las razones expuestas la moción de reconsideración debe ser negada.

*Denegada la moción de reconsideración.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de esta moción.