LORENZO J. DÁVILA, demandante y apelado, *v.* ANGEL MARTÍNEZ CABALLERO y CARLOS L. CHARDÓN, MÁRSHAL de la CORTE de DISTRITO de PONCE, demandados y apelante el primero.

No. 4279.—*Visto:* Febrero 7, 1928. *Resuelto:* Marzo 9, 1928.

1. ACCIÓN—FUNDAMENTOS Y CONDICIONES PRECEDENTES—ELEMENTOS DE TODA CAUSA DE ACCIÓN.—Cuando en una demanda no alegan hechos que envuelvan el derecho del demandante, el deber del demandado y el acto del demandado en daño o violación de aquel derecho, la misma no expone una causa de acción.

2. ACCIÓN—FUNDAMENTOS Y CONDICIONES PRECEDENTES—ELEMENTOS DE TODA CAUSA DE ACCIÓN.—Cuando a un acreedor hipotecario que ejecuta sumariamente su crédito se le entrega el producto de la venta sin tener noticias de que, en tal suma, hay una parte con la que tiene que pagar un derecho de *homestead* del ejecutado, y tal derecho tampoco se ha reclamado en el acto de la subasta, en ausencia de alegación alguna del deber del ejecutante de retener u ordenar retener suma alguna para cubrir dicho derecho de *homestead*—demostrándose así un nexo jurídico entre éste y el adjudicatario de la propiedad subastada que reclama el importe de dicho derecho—, así como una violación de dicho deber, la demanda no expone una causa de acción del adjudicatario contra el ejecutante.

3. PAGOS—COBRO DE PAGOS—PAGOS INDEBIDOS—ACCIONES SOBRE COBRO DE LO INDEBIDO—CAUSA DE ACCIÓN.—Para que exista una acción en cobro de lo indebido precisa que se haya recibido una cosa que no había derecho a cobrar y que la entrega se haya hecho por error.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), declarando sin lugar la demanda, sin costas. *Revocada* y devuelto el caso.

*G. S. Pierluisi,* abogado del demandante; *R. Arjona Siaca,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Este es un recurso de apelación contra sentencia dictada por la Corte de Distrito de Ponce, en pleito civil seguido por Lorenzo J. Dávila, demandante, contra Angel Martínez Caballero y Carlos J. Chardón, Márshal de la Corte de Distrito de Ponce, demandados, sobre devolución

de cantidad y daños y perjuicios. Es apelante el demandado Angel Martínez Caballero.

Lorenzo J. Dávila presentó ante la Corte de Distrito de Ponce, una demanda contra Angel Martínez Caballero y Carlos J. Chardón, Márshal de la Corte de Distrito de Ponce, alegando sustancialmente que Martínez Caballero, en 1924, había seguido, ante la Corte de Distrito de Ponce, un procedimiento ejecutivo en cobro de crédito hipotecario, contra Antonio Sotomayor y Gerónima Pizarro, y que en ese procedimiento se llevó a subasta una finca rústica, que en la demanda se describe, y la que se adjudicó al ahora demandante Lorenzo J. Dávila, en precio de $1,360, que él pagó al márshal, y que fueron entregados a Martínez Caballero; que otorgada a Lorenzo J. Dávila la escritura de compraventa, la citada Gerónima Pizarro no abandonó la finca, y seguido un procedimiento de desahucio, ella alegó que sobre tal finca tenía su *homestead,* alegación que fué sostenida por este Tribunal Supremo, en grado de apelación; que el márshal demandado no retuvo, al hacer la referida subasta, ni después, los $500 importe del *homestead* de la Pizarro, y que por esa falta de retención, y por haber Angel Martínez Caballero recibido el importe íntegro de la subasta, a sabiendas de que tal cobro era indebido, se ve el demandante privado de $500, y ha tenido que pagar honorarios de abogado y costas en el juicio de desahucio, hasta otros $500. Y pidió se condenara a los demandados, o al que de ellos correspondiera, a pagarle $1,000 y las costas.

Los demandados opusieron la excepción previa de falta de hechos suficientes para determinar una causa de acción. Y la corte declaró tal excepción con lugar en cuanto al demandado Carlos J. Chardón, y sin lugar en cuanto al otro demandado. Este pidió sentencia sobre las alegaciones; y la corte dictó tal sentencia en fecha 29 de marzo de 1927, declarando sin lugar la demanda en cuanto a Carlos J. Chardón, y con lugar en cuanto a Angel Martínez Caballero, sin costas. Esta es la sentencia apelada.

El apelante señala un error, consistente en haberse declarado sin lugar la excepción previa a la demanda en cuanto al demandado Martínez Caballero.

[1, 2] En la demanda en este caso, alegación número 10, se establece el hecho de que el márshal no retuvo, ni al hacer la subasta, ni después, los $500 importe legal del *homestead* de Gerónima Pizarro, y entregó la total suma producto del remate, al acreedor Angel Martínez Caballero. En cuanto a este extremo, la corte, al resolver la excepción previa, decidió que el márshal había cumplido con la ley de 10 de marzo de 1904, que crea el cargo de márshal de distrito, y define sus deberes; por lo que declaró con lugar la excepción en cuanto a este demandado.

Veamos si la demanda ofrece hechos suficientes para constituir una causa de acción en cuanto al otro demandado, o sea el apelante en este caso.

Consideremos, ante todo, que en la demanda se pide una sentencia por $1,000 de los que $500 son el valor del *Homestead*, y los otros $500 el importe de daños y perjuicios.

No se alega en la demanda que el márshal que llevó a cabo la subasta fuera en forma alguna requerido para retener los $500 a título de *homestead;* él, por tanto, procedió correctamente, al retener íntegro el producto de la subasta y al entregarlo, íntegramente también, al acreedor. Y no se alega que el acreedor, al recibir tal suma, tenía noticia de que de ella había una parte con la que se tenía que pagar el *homestead* de Gerónima Pizarro. Es más, no se alega el cumplimiento de la sentencia dictada por este Tribunal Supremo en julio 19 de 1926 en apelación en el caso de desahucio seguido por Lorenzo J. Dávila contra Gerónima Pizarro, en el que surgió la cuestión del *homestead.* Se alega, sí, que "Por haber recibido el demandado, Angel Martínez Caballero, a sabiendas de que tal cobro era indebido, según información y creencia del demandante, el importe íntegro de la subasta, y por no haber el márshal demandado retenido ·en su poder, para doña Gerónima Pizarro

la suma legal, importe de su *homestead,* de acuerdo con la
ley, el demandante se ve ahora privado de la suma de $500,''
etc.

De la demanda no resulta tampoco el nexo jurídico en-
tre el demandante y el demandado Martínez Caballero. No
encontramos alegación alguna con respecto a que Martínez
Caballero tuviera que retener, u ordenar retener, suma al-
guna para cubrir el *homestead.*

La alegación de la demanda en cuanto a que Martínez
Caballero recibió la suma total importe de la subasta, ''a
sabiendas de que tal cobro era indebido,'' no es otra cosa
que una conclusión, según se ha declarado por este tribu-
nal en el caso *Cuevas* v. *Banco Territorial y Agrícola,* 19
D.P.R. 1174, y en el caso *J. Ochoa y Hermano* v. *Herederos
de Lanza,* 17 D.P.R. 420. Las alegaciones de la demanda
deben ser de hechos, según el Código de Enjuiciamiento Ci-
vil y la jurisprudencia (*García* v. *Preston,* 17 D.P.R. 586,
y casos citados en la misma opinión, *Green* v. *Palmer,* 15
Cal. 412, *Marshall* v. *Baltimore & Ohio R. R. Co.,* 16 How
328).

En esta demanda no se alegan hechos que envuelvan el
derecho del demandante, el deber del demandado, y el acto
del demandado en daño o violación de aquel derecho; ele-
mentos todos fundamentales de la causa de acción, según
los clásicos (véase Pomeroy Code Remedies, página 459 y
siguientes concordantes).

[3] Esta falta de alegación se da en este caso en cuanto
a la acción principal para recobrar los quinientos dólares,
y en cuanto a la de daños y perjuicios. Parece que se in-
tentó algo como una acción para cobro de lo indebido. No
es la situación legal. entre el demandante y el demandado,
la propia de un caso de cobro de lo indebido. Para que
una acción de esta clase exista, se precisa, de acuerdo con
el artículo 1796 del Código Civil, que se haya recibido una
cosa que no había derecho a cobrar y que la entrega se

haya hecho por error.   Es claro que éste no es el caso de este pleito.

En esas condiciones, la Corte de Distrito de Ponce, pudo apreciar la excepción previa con respecto al ahora apelante: y el no hacerlo así, y el dictar su sentencia en la forma en que lo hizo, constituyen errores revisables en apelación.

La sentencia apelada debe revocarse, y *es por la presente revocada,* ordenándose se devuelva a la Corte de Distrito de Ponce, para ulteriores procedimientos no incompatibles con esta decisión.