LANGE, DEMANDANTE Y APELADO, *v.* CRISTY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 1797.—Resuelto en mayo 20, 1918.

SERVICIOS PROFESIONALES—FIJACIÓN DE SU CUANTÍA.—Examinadas las alegaciones y las pruebas en este pleito, *se decidió* que la apreciación que hizo la

corte sentenciadora del valor razonable de los servicios médicos prestados por el demandante a la demandada, era la justa y procedente, de acuerdo con las circunstancias concurrentes en el caso.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. José Sabater.*

Abogados del apelado: *Sres. Horton & Janer.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El doctor Rafael U. Lange demandó en la Corte de Distrito de Mayagüez a doña Anaiz Cristy viuda de Cerdá reclamándole la suma de dos mil pesos por servicios médicos, sus intereses, y las costas, desembolsos y honorarios de abogado. La demandada contestó negando generalmente todos y cada uno de los hechos de la demanda y alegando como defensa especial que no estaba obligada al pago de los servicios profesionales que hubiera prestado el demandante a la Srta. Cerdá y Cristy, ni se había obligado a ello en ningún tiempo, forma ni condiciones para con el demandante.

Se celebró el juicio y la corte dictó sentencia en favor del demandante por la suma de $1,882, intereses legales, costas, desembolsos y honorarios de abogado. La corte eliminó $39 que se cobraban por asistencia de la Sra. Araez por no haber demostrado la evidencia que la demandada venía obligada a pagarlos, y también eliminó la suma de $79 a fin de ajustar las visitas correspondientes al año 1913 hechas dentro de la ciudad al tipo de dos pesos una y las hechas en Guanajibo al de tres pesos una.

No conforme con la sentencia la parte demandada interpuso el presente recurso de apelación, señalando en su alegato la comisión de cuatro errores.

1 y 2. Los dos primeros errores se refieren a la apreciación de las pruebas. Hemos examinado la evidencia y a nuestro juicio está plenamente justificada la conclusión a que llegara la corte de distrito. Se trata de una asistencia mé-

dica que duró cuatro años durante los cuales se hicieron
cientos de visitas, muchas a altas horas de la noche. La se-
ñora Cristy padecía de una enfermedad nerviosa que la te-
nía en una agitación constante y a cada momento necesitaba
los auxilios de su facultativo, que no se limitaba a recetar
sino que tenía que permanecer en la casa para lograr que la
enferma tomara las medicinas y se calmara al fin. El hecho
de que el doctor Lange hubiera estado dispuesto a cobrar so-
lamente la suma de mil pesos antes de iniciar el pleito, y el
de que en el juicio declarara que sus servicios valían $2,500
y hasta $5,000, pero que redujo su reclamación a $2,000 por
consejo de sus abogados, no quiere decir que la corte no tu-
viera elementos dentro de las pruebas para fijar la suma de
$1,882. Por una carta escrita por el doctor a la Sra. Cristy
y presentada por ésta como prueba, puede penetrarse en el
grado de amistad que unía al doctor con la familia Cristy y
el interés que se tomó en su asistencia y nada tiene de ex-
traño que estuviera dispuesto a cobrar sólo mil pesos.
Quizás hubiera estado dispuesto a recibir aún la mitad. Tal
vez menos. Pero su buena disposición no es un impedimento
para al verse obligado a recurrir a los tribunales, exigir en-
tonces el valor razonable de sus servicios, ya que no hubo
pacto en cuanto a la cuantía. Tampoco tiene nada de ex-
traño que el doctor dijera que sus servicios valían $5,000.
En casos de esta naturaleza no existe una regla fija. Son
muchas las circunstancias que pueden tenerse en cuenta.

La norma de dos pesos por visita dentro de la zona ur-
bana y tres en los barrios cercanos a la población, está al
parecer generalmente aceptada en Mayagüez para las visi-
tas normales. Pero tal norma no rige cuando se trata, por
ejemplo, de visitas de noche o cuando el doctor se ve obli-
gado a permanecer largo tiempo en la casa del paciente.
Además, constituímos un tribunal de apelación y a menos que
la apreciación de la corte sentenciadora fuera claramente

errónea, debemos considerarla como la justa y procedente, ya que ella estuvo sin duda alguna en mejores condiciones que nosotros para formar un juicio más exacto de lo que constituía el valor razonable de los servicios prestados por el demandante a la demandada en este caso.

3. La prueba demuestra que la mayor parte de los servicios se prestaron a la misma demandada, pero también demuestra que algunos se prestaron a su nieta la Srta. Cerdá y Cristy. Esta no tenía padres y vivía con su abuela que satisfacía todos sus gastos, y cuando el doctor fué a asistirla acudió siempre al llamamiento de la Sra. Cristy.

Aunque los profesionales deben tener gran cuidado en aclarar quién será la persona que responda al pago de sus servicios, (Véanse los casos de *García* v. *Preston et al.,* 17 D. P. R. 586, y *García* v. *Costa,* 25 D. P. R. 400), son tan fuertes las circunstancias que concurren en este caso, aparece tan claro que la demandada asumió la responsabilidad, que no creemos que se haya cometido error alguno por la corte de distrito.

4. Tampoco creemos que la corte errara al condenar a la demandada al pago de los honorarios. El hecho de que la corte en vez de conceder dos mil pesos, redujera la suma a $1,882, no es de gran importancia y en cambio lo es el de que la prueba demuestra que el demandante trató de cobrar honorarios que se ha visto consistían en una cantidad menor del valor razonable de sus servicios y no pudo conseguirlos viéndose obligado entonces a acudir a las cortes de justicia.

Por virtud de todo lo expuesto, opinamos que procede la confirmación de la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.