Dr. Francisco Susoni, demandante y apelado, *v.* Juan de la Cruz Cubero y Alejandro Garmendía, demandados y apelante el primero.

No. 4368.—*Visto:* Junio 5, 1928. *Resuelto:* Julio 28, 1928.

*Luis Toro Cabañas,* abogado del apelante; *Antonio Lens,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Garmendía estaba en la obligación de pagar daños y perjuicios por las lesiones ocasionadas al hijo de Juan de la Cruz Cubero, con motivo de un accidente automovilista. El se obligó a hacerlo así. Se llevó al niño a la clínica del Dr. Susoni, y sirvió de instrumento para transigir la reclamación de daños y perjuicios por la suma de dos mil dólares, que fué pagada a Juan de la Cruz Cubero, y convino además en pagar los gastos adicionales de la clínica. Pagó quinientos dólares al Dr. Susoni, y algún tiempo después se declaró en quiebra.

El Dr. Susoni tenía una reclamación por servicios prestados ascendente a $1685.50. Abonó la suma de quinientos dólares y requirió a Juan de la Cruz Cubero para que le pagara el resto. Este último se negó a satisfacerlo, y entonces se entabló un pleito contra él y Garmendía. Posteriormente, se desistió la acción contra Garmendía. Durante el juicio, el Dr. Susoni presentó prueba tendente a demostrar que tanto el padre del niño como Garmendía convinieron en hacerse responsables de la cuenta del Dr. Susoni, y la corte dictó sentencia a favor de éste. Independientemente de cualquier exoneración de la deuda que el demandante hiciera, hay fuerte prueba tendente a demostrar que Cubero convino

en serle responsable al Dr. Susoni. Era una responsabilidad natural del padre, y de acuerdo con la prueba, según lo creyó el juez de la corte inferior, Cubero hizo manifestaciones específicas al efecto de que sería responsable al Dr. Susoni, o profirió palabras que equivalían a tal convenio.

■■ Respecto a la exoneración de la deuda por parte del Dr. Susoni, la prueba es contradictoria. El peso de la prueba recaía sobre el demandado para demostrar tal exoneración. Hubo declaraciones tendentes a demostrar que Cubero no hubiera llegado a una transacción con Garmendía si no hubiese creído que el Dr. Susoni estaba dispuesto a aceptar la responsabilidad exclusiva de dicho Garmendía, pero el Dr. Susoni negó esa aseveración, y también hubo otra prueba negándola.

Debido en parte que hubo otra prueba, el apelante presenta el siguiente señalamiento de error.

"La corte inferior cometió error al declarar sin lugar la moción del demandado para que se eliminara la declaración de *rebuttal* del Lcdo. Lens, porque, mejor que *rebuttal*, constituía una mera impugnación de la veracidad del testimonio de los Sres. Cubero y Avilés, y, sin embargo, no se habían previamente sentado las bases para ello."

Tal vez la declaración del Lcdo. Lens contradecía la veracidad de las declaraciones de los testigos del demandado, pero el fin primordial de la prueba de *rebuttal* no era demostrar que los testigos habían hecho manifestaciones distintas en otras ocasiones, sino presentar prueba pertinente a las cuestiones en controversia en el caso; en otras palabras, demostrar que ni el Dr. Susoni ni su abogado convinieron en ocasión alguna en exonerar al demandado Cubero, según éste trató de sostener.

Estamos convencidos que, aun eliminando la declaración del Lcdo. Lens, el demandado Cubero dejó de probar que fué exonerado.

*Debe confirmarse la sentencia apelada.*