Dr. Antonio Navas Torres, demandante y apelado, *v.* Aetna Casualty & Surety Company, demandada y apelante.

No. 4622.—*Sometido:* Noviembre 14, 1929. *Resuelto:* Junio 16, 1930.

*A. Porrata Doria,* abogado de la apelante; *R. G. Sugrañes,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

En el presente caso se dictó sentencia por la corte de distrito condenando a la demandada a pagar al demandante $475 que le reclamara por servicios que como médico y cirujano que es le prestara a Juan Santiago, y las costas del pleito. No conforme la demandada apeló señalando en su alegato la comisión de siete errores. Son los dos primeros, que pueden estudiarse conjuntamente, los que se refieren a la cuestión verdaderamente importante en el litigio.

¿Contrató la demandada con el demandante? ¿Asumió la demandada la responsabilidad de pagar los gastos de la asistencia médica de Juan Santiago?

La corte sentenciadora, después de declarar probados, en su relación del caso y opinión, los hechos alegados en la demanda, continuó expresándose así:

"El Sr. Rafael Porrata Doria negó bajo su juramento durante el curso del juicio, haber actuado en lo que respecta a esta transacción, a nombre de la 'Aetna Casualty & Surety Co.,' pero la corte no cree esta declaración por estar en contradicción con sus actos en el curso de los negocios en que actuó a nombre de la demandada y pagó al lesionado a nombre de aquélla la suma de $500.00 como base de la transacción acordada, y cree la corte que el hecho de haber satisfecho esta cantidad proveniente de dicha demandada, es demostrativo de que aquélla conocía los actos de su agente y los acataba y cumplía de acuerdo con los términos de los mismos."

El hecho que motivó la prestación de los servicios a Santiago fué un accidente automovilístico. En agosto de 1925 un auto de Sucrs. de Tomás Cano y Co., lesionó en el pueblo de Arroyo a dicho Santiago, y el demandante, que es un médico-cirujano, lo asistió por espacio de un mes practicándole dos operaciones, una para suturarle los tendones de la pierna derecha que fueron desprendidos y otra para amputarle finalmente la indicada pierna.

Que la demandada era la aseguradora de Sucrs. de Tomás Cano y que celebró por medio de Rafael Porrata Doria una transacción sobre pago de los daños y perjuicios ocasionados a Santiago, podría estimarse como probado, pero la prueba

de que las facultades de Porrata Doria, aun considerado como agente, se extendieran a más que a la transacción con el lesionado, no es suficiente. El demandante debió ser más precavido si pretendió cobrar de una compañía desconocida para él. El directamente responsable era el lesionado. Después el causante del daño y en último extremo el asegurador del causante. Para llegar al asegurador era necesario hacerlo a través de una serie de relaciones que hay que alegar y comprobar debidamente. Parece la verdad que la compañía pagó los quinientos dólares que recibió el lesionado, pero aun si fuera preciso fijar el hecho como uno probado para basar en él una sentencia, se encontraría que no está acreditado debidamente en los autos si el pago lo hizo la casa de Cano, causante del daño, o la compañía.

Cuando el demandante vino a San Juan y fué a la oficina de la compañía, no debió limitarse a hablar con Porrata, a quien encontró allí aparentemente trabajando. Debió indagar cuáles eran los jefes de la oficina y cerciorarse de quién o quiénes actuaban como agentes de la compañía. Su creencia de que Porrata era el agente, no es bastante para probar que lo era.

Además, sus mismas relaciones con Porrata, según su propia declaración, no fueron de tal naturaleza que aceptando su certeza contengan todos los requisitos que la jurisprudencia exige para que una tercera persona quede obligada a pagar por los servicios profesionales prestados a otra.

En el caso de *Lange* v. *Cristy*, 26 D.P.R. 376, esta corte dijo:

"Los profesionales deben tener gran cuidado en aclarar quién será la persona que responda al pago de sus honorarios."

Y eso se dijo porque la jurisprudencia establece que "Si los servicios se prestan a una tercera persona, el demandante debe probar un contrato expreso por regla general." *McClenahan* v. *Xeyes*, 188 Cal. 574. O en otros términos: "La regla general es que uno que llama a un médico para

que preste servicios a otro no es responsable del pago de los servicios prestados, en ausencia de un pacto expreso obligándose a ello.''

Para que la obligación implícita de pagar surja, las circunstancias deben ser tan fuertes que impongan la conclusión como algo realmente evidente. Y aquí si se penetra bien en el fondo de la prueba se verá que quizá la actitud de Porrata tendió a dar esperanzas al doctor de que cobraría y quizá el doctor llegó a concebirlas, pero temió destruirlas desde el principio hablando claro y pactando con seguridad, y sometido su caso a la prueba de una contienda judicial, ha sufrido inevitablemente las consecuencias de sus propios actos.

No es necesario analizar los otros errores señalados. *Los cometidos son suficientes para revocar la sentencia apelada y dictar la que debió haber dictado la corte de distrito declarando la demanda sin lugar.*

El Juez Asociado Señor Hutchison no intervino.