MANUEL MORALES MUÑOZ, demandante y apelado, *v.* VENTURA CORTÉS, demandado y apelante.

Núm. 6764.—*Sometido:* Febrero 5, 1936. *Resuelto:* Febrero 15, 1937.

*J. Henri Brown, C. Ruiz Nazario, G. E. González* y *G. Benítez Gautier,* abogados del apelante; *Armando A. Miranda,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Manuel Morales Muñoz instó demanda contra Ventura Cortés y la Porto Rican & American Insurance Company en cobro de honorarios profesionales. Una de las alegaciones más esenciales de la demanda fué que el demandado Ventura Cortés el 10 de mayo de 1929, a nombre propio, y a nombre y en representación de su aseguradora, la Porto Rican & American Insurance Company, requirió al Dr. Morales Muñoz para que se hiciera cargo del caso de Inocencio Díaz que había sido arrollado por el automóvil de Ventura Cortés. Se presentó una excepción previa a la de-

manda fundada en que la Porto Rican & American Insurance Company fué indebidamente acumulada y no tenía responsabilidad alguna. La corte inferior resolvió que nada había en la demanda que demostrara que Ventura Cortés tuviera autoridad para representar a la Porto Rican & American Insurance Company a fin de obtener los servicios del demandante o de cualquiera otra persona. La corte resolvió que la demanda era buena tan sólo contra Ventura Cortés.

El demandado contestó y el caso fué a juicio, y el 18 de noviembre de 1933 la Corte de Distrito de San Juan por voz de un juez sustituto, dictó sentencia a favor del demandante por la suma de quinientos dólares. La corte dijo en el curso de su sentencia que luego de examinar las varias contenciones de las partes había quedado convencida de la veracidad de los testigos del demandante. Estos comentarios no fueron hechos en opinión separada sino dentro de la sentencia misma.

El primer señalamiento en apelación es que la corte cometió error al no emitir opinión de conformidad con el artículo 227 del Código de Enjuiciamiento Civil. No se trató en absoluto en la corte inferior de obtener tal opinión. La sentencia y el juicio demuestran que la cuestión principal ante la corte fué un conflicto en la prueba y hemos resuelto en un número de casos que es casi imposible para una corte exponer todas las razones que tiene para creer a un número de testigos más bien que a otro; que tal conclusión es cuestión principalmente de intuición. Uno de los casos es *Deliz* v. *Deliz,* 40 D. P. R. 77, donde dijimos en efecto que difícilmente podía haber sido la intención de la Legislatura que la corte dijera que creía o no creía a un testigo por razón de sus palabras o gestos. Otros casos que giran sobre la misma cuestión son *Rodríguez* v. *P. R. Ry., Lt. & P. Co.,* 44 D. P. R. 950, 958, y *Guijarro* v. *Lluberas,* ante, pág. 718.

█ Existen varios señalamientos de error relativos a la demanda o a la prueba, que hacían referencia a la Porto Rican & American Insurance Company y a que todo este caso envolvía un contrato entre Ventura Cortés como agente de la Porto Rican & American Insurance Company y el Dr. Morales Muñoz.

A instancias de los demandados, la Porto Rican & American Insurance Company fué eliminada del caso y la corte resolvió que el pleito podía continuar contra Ventura Cortés. Además la demanda estaba redactada en tal forma que Ventura Cortés aparece en ella como actuando a nombre propio y a nombre de la Porto Rican & American Insurance Company. En su consecuencia la demanda y el juicio podían claramente continuar contra Ventura Cortés.

█ En realidad el juicio fué conducido en gran parte a base de un supuesto contrato de arrendamiento de servicios del doctor por Ventura Cortés. La teoría del demandante claramente fué que Ventura Cortés había contratado sus servicios, y la teoría del demandado fué que no hubo tal contratación especial, sino que el Dr. Morales Muñoz meramente actuaba como médico a cargo del hospital de Barceloneta.

El resto de los errores señalados en tanto en cuanto no fueron inofensivos, de ser tales errores, se referían a la apreciación de la prueba por la corte de distrito. El testimonio de Ventura Cortés y sus testigos tendió a demostrar que Ventura Cortés sólo convino en hacerse responsable de los gastos de hospital y que no hizo nada en forma alguna para contratar los servicios del Dr. Morales Muñoz. En realidad, si se daba crédito a los testigos del demandado, Ventura Cortés sólo convino en hacerse responsable posiblemente de las cosas que de ordinario suceden cuando un paciente lesionado es llevado al hospital y éste se hace cargo de él. Había otras cuestiones. Sin embargo, la corte tenía derecho a concluir que Ventura Cortés específicamente

solicitó del Dr. Morales Muñoz que se hiciera cargo del caso por cuenta suya. Tanto el doctor como un policía declararon sobre estos hechos y la corte tenía derecho a creerles.

Podemos ver un argumento contra la imposición de costas toda vez que la reclamación se hizo por $1,500 y la corte dictó sentencia por $500, más la corte tenía derecho a llegar a la conclusión de que si Ventura Cortés hubiera admitido el contrato quizá podía haber hecho una transacción fuera de la corte con el Dr. Morales Muñoz o aún ofrecido pagarle una suma razonable, y por tanto no vemos razón alguna para intervenir con la discreción de la corte inferior.

*Debe confirmarse la sentencia.*

Los Jueces Señores Presidente del Toro y Asociado Travieso, no intervinieron.

El Juez Asociado Señor Hutchison está conforme con el resultado.