Núm. 7058.—VÁZQUEZ, aplda. v. GOLDEROS, aplte.—C. D. Ponce. ▰▰▰▰▰▰▰ Junio 16, 1937.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, los únicos señalamientos de error son:

"1. Erró la Corte de Distrito del Distrito Judicial de Ponce, Puerto Rico, al resolver el conflicto de evidencia en este caso a favor de la demandante e interpretando erróneamente el Artículo 162 de nuestra Ley de Evidencia.

"2. Erró igualmente la Corte de Distrito de Ponce, Puerto Rico, en su Relación del Caso y Opinión, que forma parte de la sentencia, al dejar de cumplir con el requisito que le impone el Artículo 227 del Código de Enjuiciamiento Civil, tal y como fué enmendado por la Ley Núm. 25 aprobada en junio 12 de 1925."

POR CUANTO, el juez de distrito en su relación del caso y opinión dijo en parte:

"La Corte, después de haber apreciado debidamente y en conjunto la evidencia de ambas partes, declara que la preponderancia de prueba está a favor de la parte demandante y en tal sentido resuelve el conflicto de evidencia (artículo 162, apartado 5o. de la Ley de Evidencia).—La Corte, como resultado de la evidencia, apreciada en conjunto, declara probados satisfactoriamente los siguientes hechos: Que la demandante Esperanza Vázquez tenía 13 años y algunos meses de edad cuando ocurrieron los hechos que dieron motivo al presente pleito; que, entonces, el demandante Enrique Golderos era menor de edad y ya a la fecha de la vista de este caso había cumplido 21 años.—Que el día 16 de octubre de 1933 y en el Barrio Jagua Pasto de Guayanilla, el demandado Golderos atacó a la demandante Esperanza Vázquez con la intención, manifestada en hechos y palabras, de cometer violación por medio de fuerza y amenazas en la persona de dicha demandante, y que los hechos ocurrieron en la forma y circunstancias que aparecen de la declaración de Esperanza Vázquez que se deja extractada, sustancialmente, en esta opinión.—Que a consecuencia del ataque para cometer violación realizado por el demandado contra la demandante Esperanza Vázquez, ésta sufrió dolores físicos y angustia mental, quebranto del sistema nervioso, pérdida de salud y fué ultrajada en su pudor y sentimientos; todo lo cual le ocasionó daños y perjuicios que la Corte estima en la suma de quinientos dollars ($500.00)."

POR CUANTO, no encontramos en esto ninguna interpretación errónea del Art. 162, inciso 5 de la Ley de Evidencia ni error tan manifiesto en la apreciación de la prueba que exija una revocación.

Por cuanto, no aparece que el demandante apelante llamara la atención del juez de distrito en ningún momento al supuesto defecto en su relación del caso y opinión de que se queja ahora en el segundo señalamiento ni que solicitara del juez de distrito en ningún momento la corrección de tal defecto o la enmienda, aclaración o ampliación de dicha opinión de acuerdo con el Art. 227 del Código de Enjuiciamiento Civil.

Por cuanto, en todo caso aparece que el juez de distrito ha cumplido substancialmente con los requisitos de dicho artículo. Véase el caso de *Morales* v. *Cortés*, 50 D.P.R. 909, y casos citados.

Por tanto, se confirma la sentencia apelada que dictó la Corte de Distrito de Ponce en 17 de enero de 1935.

El Juez Asociado Sr. Córdova Dávila no intervino.