JUAN H. FONT, demandante, apelado y apelante, *v.* IGNACIO LÓPEZ COLÓN, demandado, apelante y apelado.

Núm. 8347.—*Sometido:* Marzo 5, 1942. *Resuelto:* Marzo 19, 1942.

*Francis & Belaval,* abogados del apelante apelado; *Víctor M. Pons,* abogado del apelado apelante.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 29 de abril de 1937 en el pueblo de Cayey, Lorenzo

Fernández, un niño de 8 años de edad, fué lesionado seriamente al ser arrollado por un automóvil de la propiedad de Ignacio López Colón, el demandado, mientras dicho automóvil era conducido por el chófer de éste. Ignacio López Colón no iba en el automóvil al ocurrir el accidente. El niño fué llevado al Hospital Municipal de Cayey. Cuando se notificó del accidente a López Colón, éste acudió inmediatamente al Hospital Municipal y ordenó que se trasladara el niño a la Clínica Font, propiedad de y administrada por el Dr. Juan H. Font, el demandante.

Al niño se le practicó un tratamiento de *shock;* al día siguiente se le practicó una grave y extensa operación abdominal; se le sometió a diversos exámenes de sangre y orina y se le suministraron diferentes medicinas durante su hospitalización; se le practicó una operación para corregir una fractura en su pierna izquierda; fué hospitalizado durante 54 días; y fué dado de alta sufriendo aún de parálisis y de un acortamiento de la pierna izquierda, condiciones ambas que estaban destinadas a ser permanentes.

El demandante inició un pleito contra el demandado por la cantidad de $760.50 por los servicios profesionales así suministrados al niño. La corte de distrito le concedió $654.50 con intereses desde la fecha en que se radicó la demanda, pero sin honorarios de abogado. El demandado ha apelado y el demandante ha radicado una apelación solicitando $500 como honorarios de abogado.

Aunque el demandado originalmente asumió la posición de que la demanda no aducía una causa de acción, no ha discutido aquí esa cuestión. La demanda era suficiente dentro de la doctrina establecida en *Marchán* v. *Eguen Otazabal,* 44 D.P.R. 408, 415, y en *García* v. *Preston et al.,* 17 D.P.R. 586. Tampoco hay disputa alguna en cuanto al valor fijado en definitiva por la corte de distrito a los servicios profesionales suministrados.

La única cuestión substancial en este caso es si el demandado se obligó o no a pagar al demandante por los referidos

servicios profesionales. Para librarse de responsabilidad el demandado invoca la llamada regla humanitaria al efecto de que cuando uno solicita atención médica para una persona en angustia, no se crea por esto ninguna obligación de pagar por ella. Véase 125 A.L.R. 1428. El demandado también descansa en una serie de casos decididos por esta corte resolviendo que "uno que llama a un médico para que preste servicios a otro no es responsable del pago de los servicios prestados, *en ausencia de un pacto expreso obligándose a ello*". *Navas* v. *Aetna Casualty & Surety Co.*, 41 D.P.R. 140, 142, (bastardillas nuestras); *Susoni* v. *Cubero*, 38 D.P.R. 762; *Morales* v. *Cortés*, 50 D.P.R. 909.

La contención del demandante es que en este caso hubo tal pacto expreso. El Dr. Juan Nieves, Director Auxiliar de la Clínica quien suministró la mayoría de los servicios profesionales aquí envueltos, testificó que cuando el demandado llegó a la Clínica Font le dijo al Dr. Nieves:

"Asistan ese muchacho que yo soy responsable; yo me hago cargo a las curaciones de ese muchacho y cúrenlo inmediatamente."

El demandado niega esta conversación, pero la corte de distrito creyó al Dr. Nieves. En vista del hecho de que el demandado ordenó el traslado del niño, que había sido arrollado por su automóvil y. estaba al borde de la muerte, de un hospital de caridad pública a una clínica privada, no podemos encontrar que la corte de distrito fué irrazonable al dar crédito al testimonio del Dr. Nieves. El hecho de que más tarde el demandado tuviese conocimiento de la decisión de esta corte bajo la cual negó responsabilidad civil por el accidente (Véase *Vélez* v. *Llavina,* 18 D.P.R. 656) no puede alterar algún compromiso que él ya hubiera hecho. Si en aquel momento el demandado se obligó a pagar por la atención médica del niño, es inmaterial el que él fuera impulsado por motivos de responsabilidad legal o moral o por pura humanidad.

■■■■ Es cierto que la clase de servicio o el tiempo durante el cual éste se iba a rendir no se especificaron en el arreglo hecho por el demandado con el Dr. Nieves. Pero no encontramos bajo las circunstancias que los servicios en verdad rendidos y el valor a ellos dado por la corte excediesen una interpretación justa del lenguaje usado por el demandado con el Dr. Nieves. Sin embargo, debido a este factor el demandado estaba en libertad de terminar su obligación en cualquier momento, y resolvemos que él así lo hizo como resultado de un intercambio de telegramas que tuvo efecto cuando los representantes del demandante se dieron cuenta que el demandado y su compañía de seguros alegaban que bajo la doctrina de *Vélez* v. *Llavina,* supra, el demandado estaba exento de responsabilidad alguna para con el niño. Estos telegramas eran como sigue:

"Fines administración clínica Font requieren ratifique telégrafo manifestaciones al licenciado Pons que usted responde honorarios médicos y hospitalización menor lesionado Lorenzo Fernández. Dr. J. Nieves Colón.

"Compañía seguros pagará gastos clínica Lorenzo Fernández. Ignacio López."

Por tanto modificaremos la sentencia para excluir la concesión de $4 diarios otorgada por la corte de distrito por hospitalización durante 31 días después de haberse recibido el último telegrama, ascendente en total a $124.

■■■■ La corte de distrito cometió error al conceder intereses desde la fecha en que se radicó la demanda. No siendo este pleito por una suma líquida, solamente debieron haberse concedido intereses desde el registro de la sentencia. *Frías* v. *Berríos,* 58 D.P.R. 137.

■■■■ La única cuestión levantada por la apelación del demandante es el haber dejado la corte de distrito de conceder honorarios de abogado. En vista de las circunstancias arriba expuestas, no podemos concluir que la corte de distrito co-

metiera error alguno a este respecto. Véase ley núm. 69, Leyes de Puerto Rico, 1936.

*Con las modificaciones aquí indicadas la sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. Travieso no intervino.